The opinion of the Court was delivered by
Tilghman C. J.
This is an action on a promissory note for 2,215 dollars, drawn by Martir\ Meyer, the defendant, payable to Christian Ely and Andrew Miller, and indorsed by them to the Bank of Harrisburg, The defendant gave notice of special matter to the following effect, which the Court permitted tobe given in evidence on the trial, viz : that in the spring of the year 18*5, the branch of the Philadelphia Bank at JYarráfo<!r§\discounted a note for 1,000 dollars, of which the defendant was the drawer, and Jacob Boas the indorser; and on the 4th September, 1815, another note for 4215 dollars, was discounted by the said branch Bank, of which the said Boas was the drawer, and the defendant' the indorser; that both these notes were renewed from time to time, until some time in the year 1817, when they were consolidated in one note for 2215 dollars, and assigned by the said branch Bank to the Harrisburg Bank ; that the said note for 2215 dollars, was afterwards renewed, with different indorsers, and discounted by the Harrisburg Bank ^ ,that the original note for 1000 dollars, was the proper debt of the defendant, and the note for 1215 dollars, the debt of the said Boas; that at the time the defendant indorsed the said note for Boas, he, the said Boas, assigned to the branch Bank, certain stock and other securities exceeding the amount of the said note, ánd directed, that they should be sold and applied to the payment of the said note for 1215 dollars which the president and-cashier of the saidi branch Bank promised to do, in consequence of which promise the defendant was induced to indorse the said note; *538 that afterwards, the said Bank of Philadelphia assigned all their interest and property in the said branch Bank, to the Bank of Harrisburg, amona; which property, was the stock and securities assigned by Boas in trust as before-mentioned. This is the substance of the evidence.—For any thing that appears, the consolidated note for 2215 dollars, was assigned by the Philadelphia Bank to the Harrisburg Bank, for a valuable consideration, in the usual course of business, and consequently the Harrisburg Bank cannot be affected by any transactions between Boas and the branch Bank, to which they were not privy. It has been suggested in the course of the argument, that the Harrisburg Bank stood really in the situation of collectors on account of the Philadelphia Bank, as to all notes and debts outstanding at the time the Philadelphia Bank assigned to them all their property in the branch Bank ; but there is no mention of any such evidence in the bill of exceptions. If evidence had been offered to that effect, it would have been relevant, for then it would have appeared that the Harrisburg Bank did not receive the note for 2215 dollars, in the usual course of negotiation; so it would have been relevant, if it had been proved that when the Harrisburg Bank received the general assignment from the Philadelphia Bank, the president and directors were informed, that the property assigned by Boas in trust to pay the said note of 1215 dollars, was included in the general assignment, subject to the said trust. This would have been a good defence in equity, as to 1215 dollars, part of the note for 2215 dollars, because the Harrisburg Bank after this notice, would have stood precisely in the place of the branch Bank. But the evidence which was received by the Court of Common Pleas, was not relevant, because it did not shew that the Harrisburg Bank had any knowledge of the transactions between Boas and the branch Bank, nor did it shew, that the Harrisburg Bank did not pay full value for the note for 2215 dollars, and receive it in the usual course of negotiation. I am, therefore, of opinion, that the evidence ought not to have been received, and consequently the judgment should he reversed and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.