LIVINGSTON, J.
delivered the opinion of the court. The first question made in this cause regards the consideration of the note, and the other the liability of Patrick, the instrument having been made for the private debt of Hastie, and delivered to the plaintiff, who knew it was not given on a partnership account.
Whether the mere want of consideration, even between the original parties, can be alleged against a promissory note, or a bill of exchange, may well be doubted. It is not necessary, as in other simple contracts, to state a consideration in the declaration; the instrument itself imports ,one, and in this respect partakes of the quality of a speci-ality. Nor is the plaintiff bound to prove his giving any value for such paper, unless when he sues as bearer of a bill, transferrable by delivery, and that under suspicious circumstances. Grant v. Vaughan, 3 Burr. 1516. No case can be found where the want of consideration alone has been admitted as a good defence. As against the payee, the maker, it is true, has been permitted to show, not a want, but a failure of consideration, and in all cases he may insist on the illegality of it. Chitty, in his treatise on bills, *says, that the want of consideration may be relied on, but not one of the decisions which he cites will bear him out.(a) In Jefferies v. Austin, the defendant was only permitted to show the note was delivered in the nature of an escrow, and it appearing that the condition on which it was to take effect had not been per *248 formed, a verdict was found for him. Str. 674. Here the consideration, which had induced the defendant to make the note, failed, but if he had given it to the plaintiff, vo-lantarily, as a gift, and without receiving any value, this would hardly have been a good defence. So in Puget de Bras v. Forbes and Gregory, Esp. Rep. 117. Lord Lough-borough allowed the defendants, in a suit by the payee of a bill of exchange, to show that it had been drawn before they had received any value from the persons on whose account it was drawn, who had since become insolvent, and that this was known to the payee at the time he took the bill, as the general and established custom of merchants, in regard to bills of this description. This decision in like manner, proceeds on the principle, that the inducement for drawing the bill being known to both parties, to wit, an expectation of funds from the principal, and that failing, if was unjust to exact payment of the defendant. The other case from Espinasse, only settles that the endorsee of an accommodation bill, who takes it knowing it to be such, can recover from the drawer no more than he has advanced on it. Wiffen v. Roberts, 1 Esp. Rep. 261. Nor does what Lord Mansfield says, in Lickbarrow v. Mason, prove anything more than that between the drawer and payee of a bill of exchange, the consideration may be inquired into- to prevent either of the parties committing a fraud. This is not denied, and means nothing more than that the drawer will be allowed against the payee, and the endorser, against his immediate endorsee, to show what was its real consideration, on which the court will decide whether there ought to be a recovery or not. But it is not necessary, at present, to decide how far a total want of consideration will form a defence, because here there was a valuable one, and there is no pretence, on that ground, to avoid the note. Against Hastie a judgment had been recovered, in the district court of the United States for the New York district. For the amount of this judgment, the present note was taken, payable in four months. As a *249 prudent man, Hastie no doubt took a receipt from the district attorney, wbo must have been the attorney on record in the suit in which this judgment had been rendered, ^expressing the purpose for which the note was taken, and, therefore, although the judgment was not cancelled, it would be satisfied by actual payment of the note, for which it was given as a collateral security, and so would the latter be discharged by paying the judgment. This is a common practice, nor are wc bound to presume that the district attorney exceeded his powers, in consenting to a suspension of the execution, on receiving additional security. He probably acted in conformity to his instructions from government, but, at any rate, we are not to conjecture, as it is not in the case, that he acted without instructions, or in violation of them.
On the other point, which respects the liability of Patrick, there can be no difficulty. It is certain, that’ the power of one partner to bind the other is very great, and for the purpose o.f trade it should be so. When there is a known partnership, it is right that any one dealing with either of the partneii.', as such, should have recourse to all of them for his contracts, and if he abuse the confidence which his associates repose in him, strangers should not suffer. But it is not necessary for trade that this authority over each other should extend to matters totally unconnected with the objects of their association, and which it is impossible any articles ol partnership could have contemplated. Were that the case, it would put an end to those connexions altogether. Ii can never be the intention of those who form companion of this nature, nor can it be the expectation of the world, that every partner is to pledge the general responsibility for his private debts, contracted before or after the partner/hip. When any one, therefore, takes a partnership note, from one of the company, for what he knows to be his ¡.articular debt, without consulting or apprizing the other members of his intention, or obtaining their consent, there is no hardship in confining his remedy to ibe one whose debt it was.(a) Tbis rule we adopt as one that will produce the least mischief, will prevent an improper-use of the partnership firm, will confine persons,thus associated, within proper bounds, and will destroy every inducement in' strangers to obtain, by practice or fraud, a security against the whole company for the individual debt of any member. The plaintiff herd knew the note was'given for Hastie’s own debt, and it does not appear that Patrick consented to his name being used; the defendants, therefore, must have judgment.
In 1 Bast, 48, is a case decided ón the same principles. *Two partners, prior to their connexion with another person, had contracted a debt, for which they afterwards accepted, in the name of the new firm, a bill, drawn by their creditor, who commenced a suit on it. The court were unanimous that the new partner was not liable on this bill.
There is also a case, decided by Lord Kenyon, at nisi prius, of Arden v. Sharpe and Gilson, (2 Esp. Rep. 524,) not very unlike this. Only the party who took the bill,' endorsed by Sharpe and Gilson, was informed by Gilson, one of the partners, that the transaction was to be concealed from the other. ' The ground, however, on which his lordship decided, is the same which has been here taken. “The transaction,” he said, “indicated that the money was for Gilson’s own use, and not raised' on the partnership account.”
We think even in the second suit the plaintiff ought not to recover. The defendant endorsed the note of' Hastie and Patrick, as their surety, believing it to be good against both, but in the preceding case, we have determined it not to be binding on the latter, and as the plaintiff, who was this defendant’s immediate endorsée, knew on what account it was made, and must, therefore, be presumed to have *250 known that it was good against Hastie alone, bis action against the endorsor cannot be sustained. If the plaintiff should have judgment in this second suit, the defendant, who is an innocent payee of the note, and was unacquainted with the circumstances under which it was issued would, in another action, be enabled to recover from the makers, and in this way the judgment just rendered would be defeated. For, although the party, who receives from one partner a note of the company, for his separate debt, cannot, according to this decision, maintain a suit against the other partners, it will not follow that a holder of the note, unap-prized of this circumstance, will labor under the same disability. As well, then, to prevent this consequence, as be; cause the note, is not such a one as the party supposed he was endorsing, the defendant must have judgmenta[1]
Judgment in each suit for the defendant.

 It has long been settled that between immediate parties to a note a consideration is necessary; of this the note is prima facie, but not conclusive evidence, though it turns the proof on the defendant to show there was none. Brown v. Marsh, Gilb. Rep. 154; Jerome v. Whitney, 1 Johns. Rep. 323. The whole of the reasoning of the learned judge, on this point, is extrajudicial, and, I say it with regret, is of no authority; nay, authority is againsi it. Pearson v. Pearson, 7 Johns. Rep. 26.

 The partnership not being liable. Lansing v. Gaine & Ten Eyck, 2 Johns. Rep. 300; Livingston v. Roosevelt, 4 Johns. Rep. 251.

 All the partners of a firm are bound by a note made by one of the partners in the name of the firm for his individual benefit, even though it be fraudulently put in circulation as it respects himself; if the note before maturity comes into the hands of a bona fide holder. Wells v. Evans, 20 Wend. 251; Catskill Bank v. Stall, 15 Wend. 364; S. C. 18 Wend. 466, 17 Wend. 524, 22 Wend. 183, 3 Hill, 262; see cases 6 Hill, 114, 17 Wend. 524, 22 Wend. 183, 14 Wend. 146, 14 Wend. 133, 5 Wend. 475, 11 Wend. 75, e Cow. 497, 4 Cow. 282, 11 J. R. 544.