ALBANY,
Oct. 1828.

LAVERTY and GANTLEY *vs.* BURR and BALDWIN.

THIS was an action of *assumpsit* by the plaintiffs, as second endorsers against the defendants as first endorsers of a promissory note made by W. H. Allen. Allen was indebted to the plaintiffs for merchandize, for which they held his note. On its becoming due, the plaintiffs, by their agent, P. Hosmer, agreed to give him day of payment, on his making a new note, and procuring the endorsement of Smith and Jenkins, a mercantile firm in Hudson. Allen procured the endorsement of the firm of Burr and Baldwin, the defendants in this cause, and on the agent of plaintiffs refusing to accept it, he subsequently obtained the endorsement of Smith and Jenkins. The partnership name of the defendants was endorsed by *Burr*, one of the defendants, in the absence of *Baldwin;* that both endorsements were made to secure the proper debt of Allen, was known to the agent of the plaintiffs. It appeared that Allen had sold what remained of his store of goods, to the defendants, previous to the giving of the note in question. The defendants pleaded separately the general issue, and on the trial of the cause, Baldwin alone made a defence. A verdict was taken for the plaintiffs, subject to the opinion of the court.

*A promissory note, endorsed by one of the members of a firm in the partnership name, as security for the debt of a third person, with the knowledge of the creditor, is not binding upon the other partner, unless he was previously consulted, or subsequently assented to the transaction.*

*E. Williams,* for plaintiffs. The defendants were general partners, and either had the right to bind the other, in an ordinary commercial transaction. This was such a transaction. To borrow money and to negotiate bills and notes, is part of the business of a commercial establishment, and to borrow and lend notes is an every day transaction; and in the absence of all fraud, the partnership, in such cases, is holden for the act of either partner. Had the partnership name been pledged, for the individual debt of one of the partners, and that known at the time to the creditor, it is conceded the firm would not have been bound. On the contrary, the plaintiffs here, knew it was not for the individual debt of one of the partners; they knew that the defend-

ants had purchased the very goods, the original consideration of the debt, and probably were the debtors of the maker of the note; and there is no pretence for saying that they knew that one of the defendants had used the partnership name, without the consent or authority of the other partner.   There are limitations upon the general powers of a partner; he cannot bind the firm by an obligation under seal, nor can he pledge the partnership name to pay his individual debt; nor can he, in the name of the firm, become bound as surety for the payment of the debt of a third person.   In the case of *Foot and Sabin*, (19 *Johns. R.* 157,) the partner signed the note in the partnership name, as the surety of a third person, and it was so expressed on the face of the instrument; and there it was held, the firm was not bound.   Not so in this case; the note was brought to the agent of the plaintiffs, with the partnership name of the defendants endorsed, not as sureties, but as endorsers generally.   When on the face of the transaction, it is apparent that both the partners should assent, then a concurrence must be shewn; otherwise, it is not necessary.   None of the cases go the length of avoiding a partnership security given under circumstances like the present.   (11 *Johns. R.* 544.  4 *Johns. R.* 251.  2 *Caines*, 246.  2 *Johns. Rep.* 300.)   If the partnership is not holden in this case, there is no safety in accepting negotiable paper with the name of a firm upon it, without first ascertaining the circumstances under which the endorsement is made, or that it is with the assent of all the members of the firm.   It cannot be, that to give validity to an endorsement by a firm, every member must be called on to give his assent.

*Bushnell*, for defendant *Baldwin*.   The note was endorsed for a debt due from the maker to the payees.   They accepted an endorsement in a partnership name for such debt, made by one partner, in the absence of the other, and they were bound therefore to shew, that the absent partner authorized the endorsement, or subsequently assented to it, to subject him to the payment of the note.   No inference is to be drawn from the fact, that the defendants had purchased the goods in the store of the maker, as there was no

proof that they remained indebted for them. The right of one partner to use the name of the firm in endorsements, does not result from the powers of a general partnership. The plaintiffs here were aware that one of the partners was pledging the partnership responsibility as security for another person, in a matter in no wise connected with the partnership business. The endorsement was a fraud on the other partner. (*Foot* v. *Sabin*, 19 *Johns. R.* 158.)

*By the Court*, SUTHERLAND, J. Hosmer, the agent of the plaintiffs, took the note in question for a debt due from Allen, the maker, to them. He refused to take Allen's note without security. The security given was the endorsement of Burr and Baldwin, the defendants, and of Smith and Jenkins, the second endorsers. The plaintiffs, therefore, knew when they took the note, that the endorsement of the defendant was made by one of the partners, in the name of the firm, as security for Allen, and not for a debt due from the firm. The partner who did not sign the note, is not bound by it under such circumstances, unless he was previously consulted, and assented to the transaction; and the burthen of proving that the partner who did not sign the note consented to be bound, is thrown on the creditor. (*Dob* v. *Halsey*, 16 *Johns. R.* 38, and *Foot* v. *Sabin*, 19 *Johns. R.* 157.) In England, the assent of all the partners is presumed, and the burthen of avoiding the security is thrown on the firm, and they are required to prove that the note was signed by one of the partners on his individual account, without the knowledge and against the consent of the others, and that the creditor knew that fact when he took the paper of the firm.

Here the *onus probandi* is thrown on the creditor. The law upon this subject is very fully considered and clearly established in the cases referred to, and also in *Livingston* v. *Hastie & Patrick*, (2 *Caines*, 246,) *Lansing* v. *Gaine & Ten Eyck*, (2 *Johns. Rep.* 300,) and *Livingston* v. *Roosevelt*, (4 *Johns. R.* 251.) The only distinction between this case and that of *Foot* v. *Sabin*, (19 *Johns. R.*) is this: in that case the note was *signed* by one of the partners in the name of the firm as sureties; here it was *endorsed*; and it was urged

upon the argument of this cause, that in every general part-nership, each member necessarily possesses the power of sign-ing or endorsing negotiable commercial paper in the customa-ry way of business, though the power of pledging the *firm* as sureties for third persons may not exist. The form of the transaction cannot be material except by way of evidence. When paper is signed by one partner in the name of the firm as sureties for a third, it carries on the face of it evidence that it was not given for a partnership debt, and proof of that fact becomes unnecessary. But when it is signed or endorsed in the ordinary manner, such proof must be given. But when the fact is established that it was not given for a partnership debt, and that the person to whom it was passed knew it, no matter what the form of the instrument is, it does not bind the partners who did not sign or assent to it. In this case, the as-sent of Baldwin is not shown, and he is therefore entitled to judgment.