NEW-YORK,<br>May, 1831.<br><br>Boyd<br>v.<br>Plumb.

Motion for new trial denied.

---

Boyd and others vs. Plumb and others.

An action cannot be maintained by the acceptor of a *bill of exchange* against *all* the members of a firm, on a bill drawn by *one* of the firm, in the name of the firm as *surety* for a third person, where the fact that it is so drawn is *known* to the acceptor.

The word *surety* added to the name of the firm is sufficient to cast the burden of proof on the holder, to shew that the bill was drawn with the assent of all the partners.

This was an action of assumpsit, tried at the New-York circuit in June, 1829, before the Hon. Ogden Edwards, one of the circuit judges.

The suit was brought to recover monies paid by the plaintiffs as the *acceptors* of a bill of exchange for $1250, drawn on them by the defendants. The plaintiffs proved the payment of the money, and that at the time they had *no funds* belonging to the defendants, or either of them. The bill was signed by Plumb individually, and by Palmer, one of the defendants, in the name of his *firm*, viz. Williams & Palmer, the word *surety* being added to his signature. Plumb was a merchant residing at Rochester, where Williams and Palmer transacted business as tanners and leather dealers, and where Palmer also resided; Williams resided at Vernon, in Oneida county. The defendants moved for a nonsuit, on the ground that there was no evidence of *assent* on the part of Williams to the name of his firm being subscribed to the bill by his co-partner. The judge refused to nonsuit the plaintiffs, and the defendants then gave in evidence letters of the plaintiffs shewing their knowledge of the fact that Williams & Palmer were merely *sureties* for Plumb. A verdict was taken for the plaintiffs subject to the opinion of this court, and a nonsuit to be entered in case

this court should be of opinion that the plaintiffs were not entitled to recover.

*W. Slosson*, for plaintiffs.

*C. O'Conner*, for defendants.

*By the Court,* NELSON, J. It has been repeatedly decided in this court, that where a note is given in the name of a firm by one of the partners, for the *private debt* of such partners, and known to be so by the person taking the note, the other partner is not bound, unless he has been previously consulted, and consented to the transaction. *Dob* v. *Hasley et al.,* 16 Johns. R. 38. In *Foot* v. *Sabin,* 19 Johns. R. 154, the rule was applied to a case where one partner had signed the partnership name to a note as *security* for a third person; and in *Laverty* v. *Burr & Baldwin,* 1 Wendell, 529, it was applied to a case where one partner *endorsed* a promissory note in the name of the firm for the benefit of the maker, and that known to the endorsee. The last case disposes of the present one.

The whole of this class of cases is founded upon the principle that the acts of each partner must be confined within the express limits or scope of the partnership business, to bind his co-partners; and that the appropriation or pledge of partnership property or security by one, in violation of the terms of the partnership agreement, is a fraud upon the other partner. The law merchant, for the convenience and safety of commercial business, has made an exception to this general rule in the case of a *bona fide* holder of partnership paper, even when draw by one of the firm for his *individual* benefit, or as *surety* for a third person. The plaintiffs here cannot claim that character, for on the face of the draft it appeared that one of the partners had signed the name of the firm as *surety* for Plumb, the principal debtor; and in the language of the court, in *Foot* v. *Sabin,* the creditors must have been aware that he was pledging the partnership responsibility in a matter no wise connected with the partnership business, and that is a fraud on such of the partners as do not assent expressly that the firm shall be bound.

The rule protecting partnership property from being appropriated to the payment of the individual debts of one of the firm, or their security from being pledged to third persons by one without the assent of all, is not only just in itself, but essential to the safety, if not the existence of partnership business, while the commercial interests of the community are sufficiently guarded by allowing paper in the hands of a *bona fide* holder to be binding upon the firm, when it has the appearance of being made by the firm, though in truth, made by only one of the partners, in their name, for his own benefit.

The obligation of all the members of the firm does not depend upon the distinction of the obligation being for a present or precedent debt, as was contended, nor upon the form of the obligation, whether as maker, endorser, or drawer, but upon the fact of the want of knowledge on the part of the person receiving the security, that it was given in a matter unconnected with the partnership business. If he possesses this knowledge, and takes the security, he acts with his eyes open, and has no right to complain.

Judgment of nonsuit, according to the stipulation.