JOYCE *vs.* WILLIAMS & JOHNSON.

Where, on the purchase of goods, the purchaser gives his draft, accepted by a mercantile firm, which acceptance is procured for the express purpose, the vendor is not entitled to maintain an action upon the acceptance *against all the members of the firm*, unless he shows their *knowledge* of, or *consent* to the giving of the acceptance.

THIS was an action of *assumpsit*, tried at the New-York circuit in November, 1832, before the Hon. CHARLES H. RUGGLES, one of the circuit judges.

The suit was brought upon the acceptance of a draft, drawn by one S. D. Flagg upon the defendants, bearing date 24th December, 1831, for the sum of $207, payable 4 months after date. The acceptance was in the hand writing of *Williams*, in the partnership name of *Denison Williams & Co.*, under which name the defendants transacted business as *partners*. *Johnson*, who alone defended this suit, proved that the partnership which existed between him and *Williams* commenced in September, 1831, and that early in January, 1832, he filed a bill in chancery for the dissolution of the same, and that one W. M'Intire was appointed *receiver*. M'Intire testified that the plaintiff called upon him for payment of the draft, and told him that he had taken it for goods sold in good faith to *Flagg*, the drawer, for Flagg's own account. He further testified, that from the books of the firm of Denison Williams & Co., it appeared that Flagg was their clerk from 16th September to 27th December, 1831; that the firm owed Flagg nothing, but on the contrary, he was their debtor, having been overpaid. *A. Guiteau*, the salesman and clerk of the plaintiff, then testified that Flagg called at the store of the plaintiff to purchase hats, examined them and agreed with the witness upon the price to be paid for them. Flagg asked him whether he would take *Denison Williams & Co.'s* acceptance; to which he answered that the plaintiff was sick, but that with his approbation he should have the goods. He saw the plaintiff, and told him that Flagg would give Denison Williams & Co.'s acceptance for the hats, and

the plaintiff directed him to let Flagg have the hats. A bill was accordingly made out, charging the goods to Flagg, to whom they were delivered, and the draft with the acceptance endorsed thereon, taken in payment. The witness further testified that he had not, nor had the plaintiff to his knowledge or belief, any knowledge or reason to suspect that there was any thing wrong or improper about the *acceptance,* or that it was given improperly to Flagg. He further stated that the goods were parted with on the faith of Johnson's name. It also appeared, from the testimony of the *receiver,* that on the 27th December, 1831, the firm of *Denison Williams & Co.* entrusted *Flagg* with goods to sell for them to the amount of between $1700 and $1800. The evidence being closed, the judge observed that there appeared to be no dispute about the facts ; that he would charge the jury that they must find for the plaintiff ; that there was nothing in the testimony throwing upon the plaintiff *the necessity of proving the knowledge or consent of the defendant Johnson to the giving of the acceptance.* He further added that, had the defendant shewn that the acceptance was given by *Williams* for his individual debt, it would not have strengthened his case, unless the jury found *that the plaintiff knew that the acceptance was given by Williams for his individual debt, and took it with such knowledge.* He told the counsel for the defendant he might go to the jury on that point, although it appeared to him that there was no evidence from which such knowledge on the part of the plaintiff could be fairly inferred. The counsel declined to address the jury upon that point, and excepted to the decision of the judge. The jury, under the charge of the judge, found a verdict for the plaintiff for the amount of the draft and the interest thereof. The defendant applied for a new trial.

*S. P. Staples,* for defendant, insisted that a note made or endorsed, or a draft drawn or accepted by one member of a firm in the partnership name as security for the debt of a third person, is not binding in the hands of the party taking it as a security, upon the other member of the firm, unless his assent to be so bound is shown. *Foot* v. *Sabin,* 19 *Johns. R.* 154. *Laverty and others* v. *Burr & Baldwin,* 1 *Wend.* 529, 31. *Bank*

*of Rochester* v. *Bowen and others,* 7 *id.* 159. *Boyd and others* v. *Plumb, id.* 310. It lies on the holder of the paper so taken to show this assent. *Dob* v. *Halsey,* 16 *Johns. R.* 34, 38. *Williams* v. *Walbridge,* 3 *Wendell,* 415. Under the circumstances of this case, Joyce, the holder, having sold goods to Flagg, the drawer of the draft in question, and taken the acceptance of Denison Williams, one of the firm of Denison Williams & Co. as security for the debt of Flagg, the judge erred in instructing the jury "that there was nothing in the testimony throwing upon the plaintiff Joyce the necessity of proving the knowledge or consent of Johnson to the giving of this acceptance."

*I. L. Wendell,* for the plaintiff. The plaintiff being the *bona fide* holder of the acceptance, having received it in the *usual course of trade,* and paid a *present consideration* for it, is entitled to recover against all the members of the firm. The holder of negotiable paper, given by a firm, is not bound to shew the assent of all the members of the firm, only when he has taken such paper from one of the members of the firm with knowledge (or under circumstances from which knowledge may be inferred) that the paper is given without the assent of the other members of the firm : as when taken for the individual debt of one partner ; or for a matter not relating to the business of the firm, and that known to the party taking it ; or as security for the debt of a third person. There is no evidence in this case that the acceptance was the unauthorized act of *one* of the members of the firm, for his individual benefit, or as surety for another ; on the contrary, *it purported to be the act of the firm,* and the fair presumption is that it was for the benefit of the firm. Even if it had been shown (which it has not) that there was an abuse of confidence, and an intention on the part of Williams to defraud his partner, such misconduct cannot affect the plaintiff, as there is no evidence of knowledge, collusion or privity on his part.

*By the Court,* SUTHERLAND, J.   The learned judge who tried the cause decided, that there was nothing in the testimony throwing upon the plaintiff the necessity of proving the knowledge or consent of the defendant *Johnson* to the giving the acceptance on which the suit was brought.   In this opinion I think he erred.   What were the leading facts in the case, as testified to by *Guiteau,* the plaintiff's clerk ?   He stated that he was clerk and salesman to the plaintiff, when the acceptance on which the suit is brought was taken ; that Samuel D. Flagg, the drawer, called at the plaintiff's store to purchase hats.   He looked at the hats, and he and witness agreed upon the price ; that Flagg then inquired whether he would take Denison Williams & Co.'s acceptance for the amount.   After consultation with the plaintiff Joyce, who was sick and not in the store, witness agreed to take it ; that the goods were accordingly turned out to Flagg, and the draft taken by the witness from Flagg, accepted as it now is—and that it was all one transaction.   That the sale was made to Flagg and the bill was made out to him, and receipted as paid by the draft.   They had never before sold any goods to Flagg.   That these goods were sold and delivered on the faith of Denison Williams & Co.'s acceptance.   Flagg had no funds in the hands of Denison Williams & Co. when the draft was accepted, but was indebted to them in a small amount.   The acceptance is the hand-writing of *Denison Williams.*   The draft was not entered in their books, and the firm had no interest in or connection with the transaction other than the bare act of acceptance by Williams, one of the firm.   The plaintiff Joyce then, when he took this acceptance, knew that it was not given for a partnership debt of Denison Williams & Co., but as security for the debt of Flagg, a third person.   It was not a pre-existing security in the hands of Flagg, but it was drawn and accepted for the precise amount of his debt to the plaintiff. It stands upon the same footing in principle, as though Flagg had given his note for the goods, and Denison Williams had subscribed the copartnership name of Denison Williams & Co. to it *as sureties ;* or as though Denison Williams himself had made the purchase on his own individual

account, (the plaintiff *so understanding the fact at the time,*)
and had given a note or accepted a draft for the amount in
the partnership name. It has been repeatedly decided in
this court, that in either of those cases the other partners
would not be bound, unless they had been previously con-
sulted and assented to the transaction; and that the burthen
of proving such assent rested upon the plaintiff. 2 *Caines,*
246. 2 *Johns. R.* 300. 4 *id.* 251. 16 *id.* 38. *Foot* v.
*Sabin,* 19 *id.* 154. *Laverty* v. *Burr,* 1 *Wendell,* 529.
*Williams and others* v. *Walbridge.* 3 *id.* 415. *Vallett and
others* v. *Parker,* 6 *id.* 615. *Bank of Rochester* v. *Bowen
and others,* 7 *id.* 158. *Boyd and others* v. *Plumb and oth-
ers, id.* 309.

In England, the signature of *the firm,* though made by one
of the partners *for his own individual debt,* is *prima facie*
evidence that all assented to it; and the other partners will
be bound, unless they show that it was done without their
knowledge or consent. *Ridley* v. *Taylor,* 13 · *East,* 175.
With us, when it is shown that the party taking the paper
of the firm knew that it was not given for a partnership debt
or transaction, he cannot recover without proving that all
assented to it. The rule is established, and it is unnecessa-
ry to go into a review of the cases. They appear to be
precisely applicable to this case. It was incumbent upon
the plaintiff to show the knowledge or consent of Johnson to
the giving of this acceptance. Without such proof Johnson
is not liable.

New trial granted.