By the Court—Bosworth, Ch. J.
I. An important question presented by this appeal is, whether in an action on contract, commenced before the enactment of the Code against several persons as partners, the plaintiff can recover against either, without establishing a cause of action against all. z
It was settled before the Code, that in such an action if the evidence disclosed that there were too many, or too few, plaintiffs, or too many defendants, a nonsuit was inevitable.
The codifiers, in their note to section 230, (now 274,) state the existence of this rule, and the consequences arising from the nonjoinder or misjoinder of parties, and that “ this section will prevent them hereafter.” (Codifier’s Report of February 29, 1848, p. 194.)
Having proposed this section for the purpose of accomplishing this object, (among others,) and the Legislature *442 having enacted it in the form proposed, with this explanation of its design before them, that body must be presumed to have enacted it for the purpose of giving effect to this intent. The language of the section is appropriate to produce the change proposed to be effected by it.
These considerations are sufficient to show that it was never contemplated that § 169 [145] would be construed as sufficient to produce the same result; and that it was not enacted with a view to make such a result possible. The codifiers, after having drafted that section, and appended to it a note explanatory of its design, drew § 274, [230,] and by a note added to it state that the latter section was proposed as drawn, to obviate the unjust consequences imputed to the common law rule as to parties, to which that note refers.
Section 8 of the Code declares that part two of the Code (in which these sections are found) “ relates to civil actions commenced in the courts of this State after the 1st day of July, 1848, except when otherwise provided •therein.”
An act was passed cotemporaneously with the Code, (April 12, 1848,) entitled “ An act to facilitate the determination of existing suits in courts of this State.” (Laws of 1848, p. 566.) That act applied to existing suits sections 145 to 151 inclusive, (now 169 to 176 inclusive,) but did not apply section 230, (now 274.)
When this act, and the Code, were amended in 1849, the same condition of things was continued. (Laws of 1849, p. 705.) There can be no pretense that the law has been changed in this respect, unless it has been effected by § 459 of the Code, as amended in 1851. It must, therefore, be conceded, that up to 1851 the Code had not only not attempted to modify the common law rule as to parties in suits commenced prior to its enactment, but, on the contrary, it expressly provided that the very section which was enacted to abrogate it as to suits to be commenced subsequently, should not apply to existing suits.
There would seem to be good reason for not applying it *443 to existing suits. The enactment of a law, pending a suit, which should deprive a defendant of a perfect defense to the action and of the costs consequent upon establishing it, and enable a plaintiff to recover damages, and not only absolve him from a liability to pay costs to all the defendants, but confer a right to recover costs from some of them, would be extraordinary legislation ; and it was evidently the design, that a plaintiff who had a suit pending at the time the Oode took effect, in which, by the settled rules of the common law, he could not recover, although it might be for the reason he had sued too many persons as defendants, should be controlled to the conclusion of the litigation by the rules regulating the right to recover at all, which were in force at the time when his suit was brought.
I do not find that chap. 380, of the Laws of 1848, as amended by chap. 439, of the Laws of 1849, has been repealed.
Section 459 of the Oode, as amended in 1851, should be construed in the light of this legislation, and in harmony with the policy and provisions of chap. 380, Laws of 1848, and chap. 439, Laws of 1849, unless by the obvious meaning of its terms, it repeals the last named act. That act is not, by any statute, in terms, repealed; and if repealed, it is by force of a construction to be given to § 459 of the Code.
That section, by enacting that “ the provisions of this act (the Oode) apply to future proceedings in actions or suits heretofore commenced and now pending * * where there is an issue of law or fact, or any other question of fact to be tried, to the trial and all subsequent proceedings,” merely prescribes the forms to be observed, and does not modify or repeal any rule of law affecting a defendant’s liability in the action, or a plaintiff’s right to recover in it.
In Rich v. Husson, (1 Duer, 617, 620, 621,) the meaning of the word “proceeding,” as used in this section, was a matter of consideration and comment, and it was construed *444 as corresponding with “modal.” The Court say: “It means, in all cases, the performance of an act, and is wholly distinct from any consideration of an abstract right. A proceeding in a civil action is an act necessary to be done in order to attain a given end. It is a prescribed mode of action for carrying into effect a legal right.”
The first subdivision of section 439 requires “the pleadings and all subsequent proceedings,” where there has been no pleading, to be in the form prescribed for suits brought under the Oode; the second applies the forms of the Oode “to the trial and all subsequent proceedings;” and the third, its forms of proceedings, “to enforce, vacate, modify or reverse ” a judgment or order.
The object of this section, which by amendment received its present form nearly three years after the Oode took effect, was to prescribe in regard to all steps that might be taken subsequently in existing suits, that they should be in the form provided by the Oode. From that time forward, all proceedings then subsequent, whether in suits commenced before or after the Oode was passed, were to be the same in form, as if the suits were brought under the Code.
In this view of the law, the Beferee did not err, in holding that the plaintiffs could not recover against either defendant, as they had failed to prove a joint liability of all.
Ho case has been cited, which holds that in an action commenced prior to the Oode, against several, as joint contractors, the plaintiff can recover against some of them, without so far establishing a right to recover against all as consists in proof that the contract sued upon is the joint contract of all. In such a case, a plaintiff could recover, though one or more of the defendants might establish a defense merely personal, as infancy, or the like; but he was compelled to establish that it was, in fact, the joint contract of all, and failing to do this, he could not recover against either.
*445 II. The plaintiffs, at the time they received the notes in question, received them from A. Oaselli, the maker, and knew that the indorsements were not given for a partnership debt, or in the partnership’s business, and that they were written by one of the Arm in á matter not relating to the Arm’s business, but, on the contrary, to accommodate the makers. (Laverty v. Burr, 1 Wend., 529; Stall v. Catskill Bank, 18 Wend., 478; Foot v. Sabin, 19 Johns., 156; Boyd v. Plum, 7 Wend., 309; Joyce v. Williams, 14 Wend., 141; Wilson v. Williams, 14 Wend., 158.)
If the Referees had found the fact which the appellants’ counsel insists they might have- found upon the evidence, viz.: that the business paper delivered by Pickersgill to Oaselli, on the 23d of May, was intrusted to the latter, under an agreement to the effect that Pickersgill was to receive in exchange for it other good business paper to the" amount of $27,500, and J. Lahens & Oo.’s two notes, with Caselli’s indorsements, for $27,500 more; even then, no liability as against any defendant other than Emiie Louis' Lahens, would have been established. The insurmountable difficulty would still remain, that the consent óf his partners to the transaction is not proved, and no evidence is furnished of any grant of authority to him to pledge the Arm’s name in matters not in any manner relating to its business.
All exceptions taken to the admission or exclusion of evidence directed to establish the fact that, as between Pickersgill and Oaselli, the consideration for the reception of the indorsements was such as, it is insisted on behalf of the appellants, the evidence tends to show it was, are unimportant ; the fact remains that the indorsements are not the indorsements of the Arm; that they have no connection with its business, and were made without the authority or consent of the members of the Arm other than of the one who wrote them, and all this Mr. Pickersgill knew when he took them.
HI. The exception to the exclusion of the defendants’ articles of copartnership is untenable. The articles were *446 offered after the plaintiffs had rested and the Referees had announced their conclusion to nonsuit the plaintiffs. It was discretionary- with the Referees to admit further evidence, and it certainly was not error to exclude proffered evidence when the-plaintiffs’ counsel would not state his belief that it would tend to show any authority in Emile Louis Lahens to make the indorsements in question. As the case is made up, the Court cannot see or conjecture that, if admitted, it would have aided the plaintiffs, and therefore cannot see that they have been prejudiced by its rejection.
IV. The fact that the defendants are accomodation indorsers of A. Caselli, and that he is therefore interested in the event of the suit, did not affect his competency as a witness at the time his deposition was read in evidence. Had he been examined orally at the trial as to the same matters, he would have testified under precisely the very interest that existed when he was examined under the commission; and the fact that he testified under the bias which the existing interest may have created, did not affect the competency of his testimony when offered. (And see 3 Phil, on Ev., Cowen & Hull’s and Edwards’ Votes, 120.)
If the deposition of A. Caselli, taken under- the commission, be rejected and stricken from the case, there could not, even then, by any probability, be a recovery by the plaintiffs; there would be a total absence of evidence tending to show a joint liability of all the defendants.
The judgment should be affirmed.