Kennedy v. Goodman.

---

SIMON H. KENNEDY, PLAINTIFF IN ERROR, V. CHARLES F. GOODMAN, FOR DEFENDANT IN ERROR.

1. **Promissory Notes:** THE CONSIDERATION of negotiable promissory notes may be inquired into in an action on the notes by the promisee against the maker.

2. **Account:** SETTLEMENT. A settled account is *prima facie* correct, and it will not be disturbed except for fraud or mistake in the settlement. But if fraud or mistake is shown the settlement will to that extent be considered as having been made upon mistake or imposition, and the omissions and mistakes will be corrected.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*Webster & Gaylord,* for plaintiff in error, cited: 1 Parsons Contracts, 437. *Kansas Mnfg. Co. v. Gandy,* 11 Neb., 450. *Jarvis v. Sutton,* 3 Neb., 289. *Haynes v. Thorn,* 28 New Hamp., 386. *Sullivan v. Collins,* 18 Iowa, 228. *Kidder v. Blake,* 45 New Hamp., 530. *Cabot v. Haskins,* 3 Pick., 83.

*W. J. Connell,* for defendant in error.

MAXWELL, J.

Goodman brought an action against Kennedy in the district court of Douglas county, upon three promissory notes amounting to $2,715.38 and an account for $715.13. The answer is in substance a want of consideration for the notes as follows: It is alleged in substance that Kennedy was manufacturing "Hemlock Remedies" and furnishing the same to Goodman, who furnished the ingredients and charged the same to Kennedy. That there was an open running book account between the plaintiff and defendant, and that the notes were given to cover balances as the same appeared from this book account which was kept by Goodman. On the trial of the cause a verdict was returned in favor of Goodman for the sum of $4,000, upon which judgment was rendered. The errors assigned in this court relate to the giving of certain instructions, which will be considered hereafter.

There is testimony tending to show that Kennedy manufactured "Hemlock Remedies" for Goodman under a contract which was to continue for three years, at the expiration of which time the contract was renewed for two years longer; that Goodman furnished the ingredients, charging the same to Kennedy, and crediting him with the remedies furnished; that Goodman kept a book account showing the amount of hemlock remedies turned over to him from time to time, and charged Kennedy with all the

drugs, chemicals, and other articles furnished, and also for the rent of a building used as a manufactory; that the notes were given for balances found due Goodman from time to time as appeared from said books of account; that said books contained various charges against Kennedy in the computation of cost of goods furnished, in charging him more than the price agreed upon, with freight added, and in charging him for the loss of remedies broken while *in transitu*, and for shrinkage, etc.; that Kennedy, although he had possession of the account books, had never had an opportunity to examine the same and ascertain their correctness, and at the time of giving the notes he was not aware of the various errors, overcharges, etc.; that the amount of said erroneous charges is the sum of $3,750, and an itemized account, alleged to contain the correct charges, is attached to the bill of exceptions as a part thereof. Goodman introduced evidence tending to prove that monthly statements of the account were furnished to Kennedy, and by him taken to his place of business, and that at times he and Kennedy looked over said book accounts together; that there was no agreement that he should sell drugs, chemicals, and other articles at cost, and that the prices charged were fair and reasonable, and were agreed upon by the parties; that there were no errors or overcharges in the accounts, etc. One of the instructions given to the jury is as follows: "If you find from the evidence that monthly statements of defendant's account with plaintiff were received by defendant, which, with the account book offered in evidence, covered and included the several items now in dispute, and that the defendant had knowledge of such items at the several times of giving the notes sued on, and such notes were given by him with such knowledge for the purpose of covering and making settlement of such items and others, then the voluntary giving of such notes for such purpose would be final and conclusive to the extent that any of said notes covered said

disputed items, and the defendant Kennedy, by so giving said notes, would to such extent be estopped from claiming that any of such items were overcharges or fraudulent. The instruction was excepted to, and the giving the same is now assigned for error.

This is an action between the original parties. In some of the earlier cases an effort was made to place negotiable paper on the same footing as instruments under seal, even as between the original parties. *Pollams v. VanMicrop*, 3 Burr, 1663. *Livingstone v. Hastie*, 2 Caines, 246. 1 Parsons on N. & B., 176. The law is now well settled, however, that an action against a party to a negotiable instrument by his immediate promisee, a want or failure of consideration is a good defense. It is unnecessary to cite authorities upon this point because there seems to be no conflict. The formal making and delivery of an instrument for the payment or security for the payment of money will not preclude the maker, when sued by the promisee, from pleading and proving that no consideration was given. Thus, in the case of *Kansas Manufacturing Co. v. Gandy*, 11 Neb., 450, a wife had executed a mortgage upon her separate estate to secure the note of her husband. The instrument was formally and deliberately executed, but there was no consideration for it whatever, and the court held that the mortgage could not be enforced. The question was carefully considered in that case, and the authorities fully examined. Merely giving the note therefor will not stop Kennedy from showing errors or overcharges, or a want of consideration. If we consider the account as having been stated by the parties there is a *prima facie* presumption in its favor, and it will not be disturbed except there was fraud or mistake in the settlement. But where fraud or mistake is shown the account will be opened and the errors corrected. In *Chappedelaine v. Dechenaux*, 4 Cranch, 306, Chief Justice Marshall, in a suit to open a settled account and surcharge and falsify it, said: "If pal-

pable errors be shown—errors which cannot be misunderstood, the settlement must so far be considered as made upon absolute mistake or imposition, and ought not to be obligatory on the injured party or his representatives, because such items cannot be supposed to have received his assent."

This we regard as a correct statement of the law. Kennedy was not estopped, therefore, from showing errors or fraud in the account and the want of consideration for the notes. The court therefore erred in the above instruction, in directing the jury that he was estopped from showing these facts. The judgment must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.