MONTAGUE T. HAMLEY ET AL., APPELLEES, V. GILMAN
O. DOE ET AL., APPELLANTS.

FILED MARCH 16, 1893.    No. 4600.

Action to Declare Deeds Mortgages and Redeem Land:
COMPROMISE BEFORE TRIAL: ENFORCEMENT.   A conveyed
certain real estate to B by an absolute deed to secure the pay-
ment of a loan.    The trust character of this deed was recog-
nized by the grantee, who at various times promised that upon
a sale of the property he would pay him the surplus in excess
of the loan and interest.    Afterwards A brought an action
against B to redeem, and offered to pay the loan with interest.
While the action was pending A and B entered into a stipula-
tion as to the amount which A should pay to B, whereupon he
would recover the premises.    *Held*, That in the absence of fraud
or misrepresentation the agreement was binding upon the parties,
and would be enforced.

APPEAL from the district court of Madison county.
Heard below before POWERS, J.

*S. O. Campbell* and *Wigton & Whitham*, for appellants.

*Allen, Robinson & Reed, contra.*

MAXWELL, CH. J.

This is an action to have certain deeds declared mort-
gages and to redeem the land.    On the trial of the cause in

the district court a decree was rendered declaring the deeds. mortgages, finding the amount due thereon to be the sum of $2,896, upon payment of the same to redeem the land. The action was brought in September, 1889, and in January, 1890, the parties entered into the following stipulation:

"The defendant Gilman O. Doe, recognizing the right of the plaintiffs to redeem said property, to-wit, the northwest quarter of section 24, and the northeast quarter of section 12, and the southeast quarter of section 1, all in township 23 north, of range 4 west of the 6 P. M., in Madison county, Nebraska, hereby stipulate and agree that in consideration of $2,617 $\frac{52}{100}$ to be paid to the clerk of said court within sixty days from the date of the decree of said court, the said sum above named, on being paid as above stipulated, shall be received in full satisfaction of all claims of said defendant, and that the court may and shall enter a decree in favor of plaintiffs accordingly. And the said Gilman O. Doe hereby authorizes and empowers the clerk of said court to apply the above named amount on a certain mortgage held by one David Reynolds on the southeast quarter of section 1, and the northeast quarter of section 12, all of township 23 north, of range 4 west of the 6th P. M., towards the payment and in cancellation of said mortgage, and if there shall be any moneys left after satisfying said mortgage the surplus to be paid by the clerk of the said court to said Gilman O. Doe, and if, after paying said amount, there should be still money due the said David Reynolds on said mortgage the said Gilman O. Doe hereby agrees to pay on demand.

"GILMAN O. DOE.

"MONTAGUE T. HAMLEY.

"Dated, North Loup, Nebraska, January 11, 1890.

"In presence of A. J. THATCH."

It was filed January 23, 1890. Afterwards, and before the trial, the defendant Doe served notice on the plaintiff that.

he repudiated the stipulation and would not be bound by it. Notwithstanding this notice the court below admitted this stipulation in evidence, and this is the first error complained of. There was no error in admitting the stipulation. It was a settlement by the parties themselves of their dealings in relation to the land. There is no charge of fraud, misrepresentation, or unfairness, nor that there was an error in computation. The loan was made prior to 1879 at twelve per cent interest, and it is probable that the parties agreed to some reduction of that very high rate. However that may be, sufficient facts are not shown to justify the opening of the account and making a new computation. (*Kennedy v. Goodman*, 14 Neb., 588; *Hanley v. Noyes*, 28 N. W. Rep. [Minn.], 189; *Zimmer v. Becker*, 29 Id. [Wis.], 228; *Neibles v. Minneapolis & St. L. R. Co.*, 33 Id. [Minn.], 332; *Hall v. Wheeler*, 35 Id. [Minn.], 377.) Here was a proposition to permit redemption upon the payment of a certain sum. Suppose he had been the owner in fee and had made a proposition to sell to the plaintiff for the sum named, would any one contend that in the absence of fraud or misrepresentation that the sale would not be valid? I think not. The same principle applies in this case, and the agreement of the parties will be enforced. It is unnecessary to consider the other errors assigned. The judgment is right and is

AFFIRMED.

THE other judges concur.