John Van Voorhis, Appellant, *v.* Hannah F. Brown, Respondent, Impleaded with Hawley E. Webster and Ella A. Webster.

*Note signed in a partnership name — given by one partner to replace money embezzled by him — the payee having knowledge of its purpose cannot enforce it against the copartners.*

A note given in the name of a firm by one of its partners, who also holds the office of United States postmaster, to secure a loan made to such partner by the payee, to enable the former to replace government money which he has wrongfully and criminally appropriated to the payment of a partnership debt without the knowledge of his copartners, is not enforcible by the payee against such copartners.

Appeal by the plaintiff, John Van Voorhis, from a judgment of the Supreme Court in favor of the defendant Hannah F. Brown, entered in the office of the clerk of the county of Monroe on the 13th day of August, 1897, upon the decision of the court rendered after a trial at the Monroe Special Term dismissing the complaint as to said defendant.

This action was brought upon a promissory note of $500, dated September 17, 1894, payable ten days after date at the Traders' National Bank in the city of Rochester, which bore the signature of " H. E. Webster & Co." as makers, and was payable to the order of the plaintiff. At the time this note bears date the firm of H. E. Webster & Co. consisted of Hawley E. Webster, Ella A. Webster and Hannah F. Brown, and was engaged in the business of retailing coal at the village of Brockport.

Hawley E. Webster was also postmaster at that place, and on the day the note was executed he came to the plaintiff and informed him that he had used $500 of government money " which he ought not to have done," but that he expected to have been able to replace it the next day; that the post-office inspector was to be there soon and that he was in a tight place and wished to raise the money for not exceeding ten days. The plaintiff thereupon agreed to assist him, and took the note in suit to the bank where, upon the strength of his individual indorsement, he obtained the money thereon, less the discount for ten days, which he immediately paid over to the defendant Webster.

Thereafter, and prior to the maturity of the note, the plaintiff learned that Webster, instead of having appropriated only $500 of government funds, was a defaulter to the extent of nearly $2,000, and that his firm was utterly insolvent; whereupon he went to the bank, took up the note which he tendered to the defendants, and demanded payment of the moneys loaned by him. Payment of the note was refused, and this action was thereafter brought. The defendants Hawley E. Webster and Ella A. Webster suffered default, and the defendant Hannah F. Brown interposed a defense which was sustained by the trial court.

*John Van Voorhis,* appellant, in person.

*William A. Sutherland,* for the respondent.

PER CURIAM:

The answer of Mrs. Brown alleges that the avails of the note in suit were received by the defendant Hawley E. Webster for his own use and benefit, and not for the firm of which he was a member; and she avers that in no event is she liable for the same, by reason of the fact that the copartnership of H. E. Webster & Co. was a limited one, and that her relation thereto was that of a special partner only.

It is a fact concerning which there is no controversy whatever, that Hawley E. Webster improved the opportunity which his position as postmaster afforded him to appropriate either to his own use or to that of the firm of which he was a member, a very considerable sum of money belonging to the government to which he had no right whatever. In short, he was an embezzler, and it was to make good a portion of the moneys thus appropriated by him that the plaintiff indorsed the note in suit and procured the same to be discounted at the bank.

Upon the trial the plaintiff testified that Webster stated to him that the moneys which he had taken were applied to the payment of the indebtedness of the firm for coal, and he urged this as a reason why the firm should be held liable upon the note. The evidence before us shows most conclusively, and, as we understand it, the fact is conceded by the plaintiff, that at the time the note was given the firm of which Webster was a member was utterly insol-

vent; and it might, therefore, be fairly inferred that this statement of his was not strictly true. But, assuming that it was, we know of no rule of law which will sustain the plaintiff's contention that he can recover of the firm of Webster· & Co. moneys loaned by him to an individual member of that firm to enable him to make good moneys which were admitted to have been embezzled by the borrower.

There is a line of cases, of which *Chester* v. *Dickerson* (54 N. Y. 1) and *Bradner* v. *Strang* (89 id. 299) are types, holding that all the members of a partnership are liable for a fraud perpetrated by one member of the firm in the transaction or prosecution of a partnership enterprise, although none but the guilty member may have had any connection with, knowledge of, or have participated in, the fraud. But this is not such a case, for the moneys were not embezzled by Hawley E. Webster as a member of the firm of Web- & Co., but, on the contrary, they were moneys which came into his hands as a government official. The transaction, therefore, was not within the scope of the partnership business, but was entirely distinct therefrom; and although the partnership may in a sense have profited thereby, the fact remains that the obligation to restore the moneys thus appropriated by Webster was purely a personal one.

It is well settled that a note given by one partner in the firm name in payment of his individual debt cannot be enforced against the firm by one taking the note with full knowledge of the facts. (*Livingston* v. *Hastie*, 2 Caines, 246; *Lansing* v. *Gaine*, 2 Johns. 300; *Dob* v. *Hulsey*, 16 id. 34, 38; *Boyd* v. *Plumb*, 7 Wend. 309; *Union Nat. Bank* v. *Underhill*, 102 N. Y. 336.)

In *Jaques* v. *Marquand* (6 Cow. 497) it was held that where one member of a firm applies trust moneys in his hands to the use of the firm, his copartners are not liable therefor unless the moneys were so applied with their privity or knowledge; and in an early English case (*Ex parte Apsey*, 3 Bro. Ch. Cas. 265) it was said by Lord Chancellor THURLOW that where "one, by abusing his trust, advances the money to the partnership, that will not raise a contract between the partnership and the person whose money it is."

The case would, of course, be different if the application were made with the knowledge or privity of the other partners (*Smith* v.

*Jameson,* 5 T. R. 601); but there is no pretense here of any knowledge upon the part of the defendant Brown that Hawley E. Webster had used the moneys embezzled from the government in the firm business, or even that he had obtained any moneys from that source.

The case then from the plaintiff's standpoint is simply this : One partner, without the knowledge or consent of his copartners, uses moneys of a third party, which he had wrongfully and criminally appropriated, in payment of a partnership debt; the plaintiff, upon being applied to and informed of the situation, loans the defaulting partner, upon the credit of the firm name, $500 to enable him to restore the moneys thus taken, and now seeks to charge the innocent copartner with the moneys thus loaned. As stated at the outset, we think that the plaintiff must in these circumstances fail in his action, and, therefore, it becomes unnecessary to consider any other question which the case presents.

The judgment should be affirmed, with costs.

All concurred, except WARD, J., not voting.

Judgment affirmed, with costs.