### LUCKER v. IBA et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. NOTES—PARTNERSHIP—INDIVIDUAL DEBTS—PAYEE—KNOWLEDGE—LIABILITY.
    Where notes, executed by one partner in the partnership name, were given for his individual debt, a payee who took the notes with knowledge of such fact cannot recover against the partnership, and hence a subsequent holder who is not a bona fide holder cannot recover.

2. SAME—BONA FIDE HOLDER—INQUIRY.
    Where notes executed by one partner for his individual indebtedness were drawn in the names of the partners, but not in the partnership name, as established by the partnership agreement, which had not been changed, such difference in the names was sufficient to put a subsequent holder of the notes on inquiry, and hence he was not a bona fide holder, and cannot recover against the firm.

3. SAME—NEGOTIABLE INSTRUMENTS—DEFECTIVE TITLE—SUBSEQUENT HOLDER —BURDEN OF PROOF.
    Under Negotiable Instruments Law, § 98, providing that when the title of any negotiator of a note is defective the burden of proof is on the subsequent holder to prove that he is a holder in due course, where the payee, in a three-months note drawn by one partner in the partnership name, knew that the note was given for the individual debt of the partner drawing it, evidence by the payee that after holding it a few days he transferred it to the holder does not make the plaintiff a holder in due course, since such evidence is not conclusive that the few days did not exceed the three months, and constitute a transfer after maturity, and hence the holder could not recover.

Appeal from municipal court, borough of Brooklyn, Fourth district.

Actions by Adolph Lucker against Caspar Iba, Samuel Green, and Morits Brockmann on two notes. From judgments for defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

E. Walter Beebe, for appellant.
S. Livingston Samuels, for respondent Iba.

GOODRICH, P. J. These actions are upon promissory notes signed, "Iba & Green." The court rendered judgment for the defendants in each case, and the plaintiff appeals.

Iba and Van Leer were partners in conducting a liquor saloon and concert hall on the Bowery. The written partnership articles, dated December 12, 1899, provided that the firm name should be "Empire Garden." The only reference to any other name is that moneys were to be deposited in a bank in the name of "Iba & Van Leer," Iba to have the exclusive right to draw checks thereon, and the parties were to bear equally the expenses of the business. Afterwards, and on March 12, 1900, Green bought out Van Leer and Iba, and a written agreement was made between the three, reciting the partnership articles of Iba and Van Leer, and providing that "Iba accepts the said Green as his partner as the said Van Leer was under and by virtue of the co-partnership agreement" between Iba and Van Leer. In April, Green applied to the defendant Brockmann for a loan of money. Brockmann, a witness for the plaintiff, says:

"When he asked me for the money, I asked him what he wanted the money for. He said: 'Mr. Brockmann, he wants me to furnish him with half of the license to that saloon. I got to give him cash money.' That is the reason I beg you to give me cash money.' * * * He wanted to get half the license money at the 1st of May to take out a license with Iba. Iba wanted it. * * * He told me he wanted the money for Iba. Iba troubled him for half the money. He had to furnish half of the money, because the license came due on the 1st of May. * * * Q. As I understand you, Green told you he wanted the $490 to pay his half share of the license? A. Exactly."

Upon this, Green, without the knowledge of Iba, executed the two notes in suit, and received the amount of them from Brockmann, who subsequently indorsed them to the plaintiff.

There was sufficient evidence for the court to find that the notes were given by Green, without the knowledge of Iba, for the purpose of raising his individual half of the money which he was bound to contribute to one of the expenses of the business. Even if they had been signed with the only firm name provided by the partnership articles, Brockmann knew that they were given for an individual liability of Green, and he could not hold Iba liable. In Van Voorhis v. Brown, 29 App. Div. 119, 121, 51 N. Y. Supp. 440, it was said:

"It is well settled that a note given by one partner in the firm name, in payment of his individual debt, cannot be enforced against the firm by one taking the note with full knowledge of the facts [citing cases]."

Prof. Parsons, in his work on Partnership (4th Ed. § 90), cites strong authority for the following rule:

"Whenever a party receives from any partner, in payment for a debt due from that partner only, whether the debt be created at the time or before existing, or by way of settlement of or security for a debt, the indebtedness or obligation of the firm in any form, the presumption of the law is that the partner gives this, and the creditor receives it, in fraud of the partnership, and has consequently no demand upon them."

In Farmers' & Mechanics' Bank of Kent Co. v. Butchers' & Drovers' Bank, 16 N. Y. 125, 135, Judge Selden said:

"The familiar case of the giving of a negotiable partnership note by one of the partners for his own individual benefit affords an apt illustration of this rule. Each of the partners is the agent of the partnership as to all matters within the scope of the partnership business, and can bind the firm by making, indorsing, and accepting bills and notes in such business; but he has no more authority than a mere stranger to execute such paper in his own business or for the accommodation of others. If he gives the partnership note or acceptance for his own debt, it is void in the hands of any party having knowledge of the consideration for which it is given; but, when negotiated to a bona fide holder, the firm is precluded from questioning the authority of the partner, and is effectually bound. The cases in this state by which this doctrine is illustrated and established are numerous and uniform [citing cases]."

This brings us to the second question, the bona fides of the plaintiff as holder of the note. The only evidence on this subject, beyond the possession of the note, is the following testimony of Brockmann:

"Q. After you received this note, Mr. Brockmann, what did you do with it? A. I kept it a few days. I had a payment to make to the brewery, and I gave that in payment. Q. Who did you give it to? A. Adolph Lucker."

The original and only firm name under which the business was to be done was "Empire Garden." It was never changed, and there

was no authority to either partner to sign any other name to partnership paper. Parties dealing with the firm were put on notice of the firm name, and the execution of the notes in a name not that authorized by the partnership articles was sufficient to put the plaintiff to his inquiry as to its reason, and to require him to show the authority of Green to sign the note with the name of "Iba & Green."

Turning now to the negotiable instruments law, section 98 reads:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course."

The production of the note was prima facie evidence that the plaintiff was holder in due course, but, as it was shown that Brockmann's title was defective, the burden still was on the plaintiff to prove that he or Brockmann acquired the note in due course. This burden was not lifted by the meager proof that Brockmann held it a few days, the number of days not being proved. Non constat that the days did not exceed the three months provided in the note for its time. The plaintiff or Brockmann could have testified to the exact date. Brockmann, though a witness, was not asked to be more specific, and the plaintiff was not called as a witness, and we think the plaintiff's bona fides was not established. For these reasons, the judgments must be affirmed.

Judgments of the municipal court affirmed, with costs. All concur; BARTLETT and HIRSCHBERG, JJ., in result.