ALFRED DAGGETT, ADMINISTRATOR, *vs.* GEORGE K. WHITING.

*A,* for the accommodation of *B,* and without consideration, executed and delivered to him checks drawn upon a bank and payable to bearer, upon *B's* agreement to take care of them, and save *A* harmless thereon.  The checks were afterwards delivered for a valuable consideration by *B* to *C,* who at the time he received them had full knowledge that they were accommodation paper, and of all the circumstances under which they were given, and of the agreement between *A* and *B,* and in view of these facts *C* agreed with *B* not to present the checks at bank, or call upon *A* for payment, but to look to *B* alone.  In a suit on the checks by the administrator of *C* against *A,* it was held, 1. That parol testimony was admissible to prove the agreement between *B* and *C.* 2. That the plaintiff was not entitled to recover.

ASSUMPSIT by the plaintiff, as administrator of Charles A. Judson, deceased, against defendant as maker of two checks, one dated September 12th, 1859, for $2,750, the other dated November 10th, 1860, for $4,500, and both drawn on the City Bank of New Haven, payable to bearer.  The suit was brought to the Superior Court in New Haven County, and tried to the jury on the general issue, with notice, before *Pardee J.*

Upon the trial it was admitted that the checks were executed by the defendant, and by him delivered without consideration, each on the day of its date, to one Baldwin, then a broker doing business in New Haven, and that the checks were afterward delivered by Baldwin to Judson for a valuable consideration.  It was also admitted that the checks were not presented at bank for payment until February 1st, 1865, when payment was demanded and refused.

The defendant offered evidence to prove, and claimed to have proved, that the checks were delivered by him to Baldwin wholly upon the faith of Baldwin's promise to take care of them and save the defendant harmless upon them.  He also offered parol testimony to prove, and claimed to have proved, that Judson knew at the time he received the checks that they were given by the defendant to Baldwin without consideration, and upon Baldwin's agreement to take care

of them, and that when Judson received them from Baldwin he made an express agreement with him that he would look to him only for payment and would not present them at bank or call upon the defendant for payment, and that Baldwin should pay him one per cent. per month on the amount of the checks, as consideration for such agreement.

The plaintiff objected to the admission of any parol testimony tending to vary the terms of the written contract as contained in the checks, but the court admitted the testimony.

The defendant requested the court to charge the jury that if the checks were accommodation checks, given under the circumstances claimed by him, and if Baldwin then was, and remained for many months after Judson received them, able to indemnify the defendant against them, and if he would in fact have so indemnified him if he had been compelled to pay them during that time, and if Judson knowing these facts agreed with Baldwin not to present the checks, and carried out that agreement until Baldwin failed and became unable to indemnify the defendant, then the verdict must be for the defendant.

The court did not so charge the jury, but, after recapitulating the facts and stating that they were substantially agreed by the parties, instructed them that if they so found the facts, the plaintiff was entitled to a verdict for both the checks.

The jury having rendered a verdict for the plaintiff, the defendant moved for a new trial.

*H. B. Harrison* and *Sheldon* in support of the motion.

1. The agreement that Whiting should be saved harmless, and that payment should never be exacted from him—an agreement to which Baldwin first, and Judson for a valuable consideration afterwards, became parties, was an *executed* agreement;—executed on Baldwin's part by his arrangement with Judson, and executed on Judson's part by his carrying out, in good faith, so long as he lived, the arrangement so made. The present plaintiff sues as administrator of Judson, and cannot be permitted now to repudiate the agreement

upon the faith of which Judson received the checks, and which agreement he not only made, but in fact executed.

2. The holder of a check who fails to present it at bank, within the reasonable time limited by law, does so at his own risk ; and if it turn out that the result of his failure to present and give notice of non-payment, and of his exaction of payment from the drawee, would cause loss to the drawer, that fact furnishes to the drawee a good defense against the check. In this case it appears by the motion that for several months after the original delivery of the checks Baldwin was, and remained for many months after Judson received them, able to pay them, and that if Judson had presented them at the bank within the reasonable time required by law, Baldwin *would have paid them in fact.* Judson, knowing these facts, agreed with Baldwin not to present the checks for payment, and carried out that agreement by keeping the checks until Baldwin failed and became unable to indemnify Whiting. The exaction of payment from Whiting now would result in a total loss to him of the amount of the checks. The exaction of it by Judson, under the circumstances above stated, would have operated as a fraud upon Whiting. This fraud, which Judson never attempted, his administrator will not be allowed to perpetrate. Story Prom. Notes, §§. 497, 498 ; Edws. on Bills, 396 ; 1 Parsons Notes and Bills, 463, 532, 541, and note x ; 2 id., 73, 74 and note ; *French* v. *Bank of Columbia,* 4 Cranch, 141, 153 ; *Conroy* v. *Warren,* 3 Johns. Cas., 259, 262 ; *Little* v. *Phœnix Bank,* 2 Hill, 425, 429 ; *Hoyt* v. *Seeley,* 18 Conn., 359 ; *Murray* v. *Judah,* 6 Cowen, 489 ; *Orr* v. *Maginnis,* 7 East, 359 ; *Lafitte* v. *Slatter,* 6 Bing., 623 ; *Blackhan* v. *Doren,* 2 Camp., 503 ; *Dickins* v. *Beal,* 10 Peters, 572 ; *Shirley* v. *Fellows,* 9 Port., 300 ; *Sherrod* v. *Rhodes* 5 Ala., 683 ; *Foster* v. *Paulk,* 41 Maine, 425.

*C. Ives* and *Alling,* contra.

1. The drawer of a check payable to bearer agrees with the holder who has given value for it, that he has sufficient funds in the drawee's possession to pay it, which he thereby sets

apart for the purpose, and that the holder can at any time receive the amount when he calls for it ; and the drawer be comes liable, as the principal debtor, to pay the same in cas-sufficient funds are not in the drawee's hands when the check is presented, unless through the negligence of the holder the fund has been lost. No delay in presenting it short of six years will be a defence for the drawer. The drawee in the meantime is holding the money for the payee, and the drawer has no occasion to complain if the payee chooses to lose the interest by not calling for his principal. 1 Parsons on Notes & Bills, 272, 273, and notes ; 2 id., 72, 73, and notes ; Parsons Merc. Law, 91 ; Edwards on Bills, 396 ; Story on Prom. Notes, 498 and notes ; *Harbeck* v. *Craft*, 4 Duer, 122 *Daniels* v. *Kyle*, 1 Geo., 304 ; *Alexander* v. *Burchfield*, 7 Man.; & Grang., 1061 ; *Robinson* v. *Hawksford*, 9 Adol. & El., 52 ; *Laws* v. *Rand*, 3 C. B., *N. S.*, 442 ; *Little* v. *Phœnix Bank*, 2 Hill, 425 ; *Matter of Brown*, 2 Story R., 502 ; *Murray* v. *Judah*, 6 Cowen, 484 ; *Hoyt* v. *Seeley*, 18 Conn., 353 ; *Pack* v. *Thomas*, 13 Sm. & Marsh. 11. The law in regard to the presentment of a bill of exchange in order to charge the draw-er, differs from the law in regard to presenting a check. *Mullick* v. *Radakissen*, 28 Eng. Law & Eq., 86.

2. Whiting, the defendant, having agreed with Baldwin. that the checks should never be presented for payment, and that Baldwin should take care of them, took upon himself the risk of Baldwin's insolvency, and assumed the responsi-bility of watching his changing pecuniary circumstances, and he cannot complain of the delay in presenting them for which he had expressly stipulated. It would be grossly inequitable, under such circumstances, to shift the loss arising from Baldwin's failure from Whiting, who trusted him and had given him his credit, to a holder of the checks who relied mainly, if not entirely, upon Whiting in parting with his money. *Matter of Brown*, 2 Story R., 502 ; *Sheldon* v. *Chapman*, 31 N. York, 644.; *Merritt* v. *Todd*, 23 id., 28 ;. *Bridgeport Bank* v. *Dyer*, 19 .Conn., 136 ; *Tomlinson Carriage Co.* v. *Kinsella*, 31 id., 268.

3. Whiting, having trusted to Baldwin's promises to take

care of the checks, he will have his remedy against Baldwin. In does not appear that Baldwin is now insolvent, and it can-not be known that he will then be unable to pay. It never has yet been held by any court that the vested rights of a *bona fide* holder of a check, who has paid value for it, depend upon the changing circumstances of one who is neither maker nor drawee.

4. The want of funds belonging to Whiting in the drawee's hands at all times since the checks were made and delivered, is a complete answer to the claim of unreasonable delay in their presentment. Edwards on Bills, 397; *Kinsley* v. *Robinson*, 21 Pick., 327; *Wollenweber* v. *Ketterlinus*, 17 Penn. S. R., 389; *Cushing* v. *Gore*, 15 Mass., 69; *True* v. *Thomas*, 16 Maine, 36; *Eichelberger* v. *Finley*, 7 Har. & Johns., 381; *Conroy* v. *Warren*, 3 Johns. Cas., 259, 264.

5. The defendant intentionally gave the checks to Baldwin to enable him to raise money on them, which he did from Judson, who cashed them on the strength of Whiting's credit and responsibility. Whiting having thus induced Judson to purchase the checks is liable for them to the plaintiff. One who issues accommodation. paper is not entitled to special favor as respects a third person who has relied upon and paid his money for it. *Brush* v. *Scribner*, 11 Conn., 388; *Hoyt* v. *Seeley*, 18 id., 353. It is no ground of defense, legal or equitable, that these checks were, as between Baldwin and Whiting, accommodation paper. 1 Parsons on Notes & Bills, 183.

6. The checks being in writing are the best and only evidence of the contract of Whiting with the bearer of them, and parol evidence is inadmissible to prove that Judson agreed with Baldwin not to hold Whiting responsible for the checks, as it tends to vary the terms of the written contracts on which the suit is brought.

PARK, J. On the trial of this case in the court below the defendant offered parol testimony to prove, and claimed thereby to have proved, that Judson, the plaintiff's intestate, knew at the time he received the checks that they were given by the

defendant to Baldwin without consideration and upon Baldwin's agreement to take care of them and save the defendant harmless thereon, and that he made at the time an express agreement with Baldwin that he would look to Baldwin only for payment and would not present them at all to the bank nor call upon the defendant for payment, and that Baldwin should pay Judson one per cent. per month on the amount of the checks as consideration for this agreement on his part.

During the argument of the case the counsel for the defendant requested the court to charge the jury that if the checks were accommodation checks given under the circumstances claimed by the defendant, and if Baldwin then and for many months after Judson received them was able to indemnify Whiting against them, and if he would in fact have so indemnified him in case he had been compelled to pay them during that time, and if Judson knowing these facts agreed with Baldwin not to present them for payment and carried out that agreement by keeping the checks until Baldwin failed and became unable to indemnify Whiting, the verdict must be for the defendant. The court did not so charge the jury, and the question is, did the court err in omitting so to do?

The question of law raised by this request is based upon the facts connected with the delivery of the checks by the defendant to Baldwin and the reception of them by Judson. These facts are stated in the request substantially as follows: That if the jury should find that Judson knew at the time he received the checks that they had been given by the defendant to Baldwin without consideration, and upon Baldwin's special agreement to take care of the same and save the defendant harmless thereon, and that Judson in view of these facts made an express agreement with Baldwin, on which he received the checks, that he would look only to him for payment; the plaintiff cannot recover.

It is true the defendant's request contains other facts for the jury to find, to wit, that Baldwin at the time he received the checks was able to indemnify the defendant, and would have done so at any time during several months thereafter, if

the defendant had been compelled to pay them; and that Judson carried out his agreement with Baldwin by keeping the checks until Baldwin failed, and became unable to indemnify the defendant.

These facts are not important in connection with this question of law. But it appears by the charge of the court that the truth of them was not in dispute between the parties. If they had been in controversy they only prejudiced the defendant's case, because his request is on condition that the jury shall find them to be true. They were doubtless inserted to make stronger to some extent the important facts connected with them. But their insertion could not prejudice the plaintiff in any view of the case. If the request is good without them, and ought to have been complied with, it is good with them, for the jury are required to find, not only enough to defeat the plaintiff's cause, but more than enough.

The question then is, can the plaintiff recover the amount of these checks if Judson knew at the time he received them that they were accommodation checks, and that they had never been delivered by the defendant to Baldwin as binding obligations upon him, but were delivered for a special purpose only; and if Judson, in view of these facts, expressly agreed with Baldwin that he would look only to him for payment.

Upon such a state of facts it is difficult to see on what principle of law the defendant can be bound. In the case of *Brush* v. *Scribner*, 11 Conn., 388, the court say:—"That want of consideration as between the parties to negotiable paper may be shown, is well settled; and the same rule exists, where such paper comes into the hands of a third person, who was apprised of that fact. So when negotiable paper is made for a particular object, as when it is endorsed for a specific purpose, the endorser lending his name to accommodate the maker, as to renew another note, and the maker applies it to a different purpose to the prejudice of the endorser, and this is known to the person receiving it, he shall stand upon no better ground than the fraudulent assignor." Story, in his treaties on Bills of Exchange, sec. 187, after stating that as a

general rule a want of consideration of a bill of exchange may be shown as a defense between the immediate parties to the bill says, (in speaking of this defense : )—"It will also apply to all cases where the party takes the bill, even for value, after it has been dishonored, or is overdue ; for then he takes it subject to all the equities which properly attach thereto between the antecedent parties. So if he has notice at the time when he purchases it, that the bill is void in the hands of the party from whom he purchased it, either from fraud, or want or failure or illegality of consideration, he will take it subject to the same equities as that party. " The law upon this subject is not left in doubt by the authorities. Bailey on Bills, 512; *Armory* v. *Merryweather*, 2 Barn. & Cress., 573 ; *Evans* v. *Kymer*, 1 Barn. & Adol., 528 ; *Kasson* v. *Smith*, 8 Wend., 487 ; *Skilding* v. *Warren*, 15 Johns., 270 ; *Harrisburg Bank* v. *Meyer*, 6 Serg. & Rawle, 537; Chitty on Bills, 92, 93, 115, 116 ; *Steers* v. *Lashley*, 6 T. R., 61.

Now in this case, if the facts are as stated in the request, Judson not only knew that the checks were given to Baldwin without consideration, but in view of that fact he expressly agreed to take them on Baldwin's promise alone to pay them, and without the responsibility of the defendant. How then can the plaintiff recover ?

Again, if the facts are as stated in the request, the checks were delivered to Baldwin for a particular purpose, and not as binding obligations of the defendant. Baldwin had no right to negotiate them as the checks of the defendant given in the usual course of business. It would be a fraud on him to do so. This was well known to Judson when he received them, and in view of the fact he made the contract stated in reference to them. This is sufficient to defeat the plaintiff's recovery.

But it is said that parol evidence is inadmissible to prove that Judson agreed with Baldwin not to hold the defendant responsible for the checks, as it tends to vary the terms of the written contracts signed by the defendant. But the agreement does not vary the terms of the written contracts any

more than a deposit of the checks in the hands of Judson for safe keeping, or a pledge of them as collateral security for a sum loaned would do. It merely shows what property Judson had in the checks, on what terms he took them, and the character of his holding of them.

It is further said that if Judson had agreed that the defendant should not be bound in any event for the amount of the checks he would never have taken them. This would be important in an argument to the jury upon the question whether the defendant made the agreement; but we have nothing to do with that question.

We advise the Superior Court to grant a new trial.

In this opinion the other judges concurred.