## ALPHEUS DALE *vs.* ALONZO S. GEAR.

In assumpsit by the indorsee of a negotiable note against an indorser, the defendant pleaded in bar two special pleas. The first plea set forth an agreement between the parties, that if the defendant would sell a certain machine to *H.,* and take his note for it, and would indorse the note to the plaintiff without recourse, for collection, the plaintiff would purchase the note of the defendant at an agreed rate of discount; that the defendant, in pursuance of this agreement, sold the machine to *H.,* and took from him the note in suit, which he sold to the plaintiff, and at his request indorsed without restriction, the plaintiff agreeing to look to the maker alone for payment, and not to hold the defendant upon his indorsement. The second plea set forth a similar agreement between the parties for the sale and indorsement of the note, made after the sale of the machine to *H.,* and a sale and indorsement under a similar agreement by the plaintiff to hold the note on the credit of the maker alone. Held, that the antecedent agreement alleged in the first plea created such an equitable relation between the parties in respect to the indorsement without restriction, that the defendant was, in effect, an accommodation indorser, and that such agreement could be proved under the rule recognized in such an excepted class of cases in *Dale* v. *Gear,* 38 Conn., 15 ; and that the second plea was insufficient.

ASSUMPSIT by the indorsee of a negotiable note against an indorser ; brought to the Court of Common Pleas for New Haven county. The case came before this court for advice, on demurrer to the plea, at the February Term, 1871, and is reported 38 Conn., 15. It came again before this court at the present term, by reservation for advice, on demurrer to two additional pleas. The first plea was as follows :—

The defendant, by leave of the court for that purpose first had and obtained, for further plea in this behalf defends, pleads and says, that the said plaintiff ought not to have and maintain his said action against him, because he says that the said promissory note mentioned and described in the plaintiff's declaration was given by the said D. C. Hartman, the maker thereof, in payment for a certain machine for cutting wooden scrolls and other ornamental wood-work, sold and delivered to the said Hartman ; that said machine was constructed under and according to certain letters patent of the United States, then owned and possessed by the firm of John H. Hollingsworth & Co., doing business at the city of Zanes-

ville, in the state of Ohio, and was the property of said firm, and the said defendant was the agent of the said Hollingsworth & Co., employed by them to sell machines manufactured by them under said letters patent, and sold and delivered the machine aforesaid to said Hartman as such agent, and had no pecuniary interest in the sale of said machine to said Hartman, or in the aforesaid promissory note given by the said Hartman therefor ; that the said defendant, under the instructions he had received from said Hollingsworth & Co. previously to said sale to said Hartman, was permitted as the agent of said firm to sell said machines on credit, and receive negotiable promissory notes therefor ; but he was in such event under further instructions from said firm to forthwith sell and dispose of said notes for cash, upon the exclusive credit of the maker thereof, and without imposing by indorsement or otherwise any liability upon said firm of Hollingsworth & Co., and in pursuance of such instructions it had been prior to said sale to said Hartman, and then was, the custom of said defendant, in selling all promissory notes received by him as such agent, to indorse the same " without recourse," simply and only for the purpose of enabling the purchaser thereof to collect the same.

And the said plaintiff, well knowing the premises and all the facts aforesaid, for the purpose of defrauding the said defendant, and of inducing him to part with the possession of said note described in the plaintiff's declaration, without indorsing thereon the words " without recourse," and for the further fraudulent purpose of inducing the said defendant to allow him, the said plaintiff, a greater rate of discount on said note, by pretending that he would receive said note without recourse to the said defendant, but fraudulently intending to hold the said defendant liable as indorser upon said note, if he could, by his false and fraudulent representations, induce the said defendant to indorse the same in such manner as to enable the said plaintiff to assert such apparent liability, agreed with the said defendant, by parol, that if he, the said defendant, would sell the said machine to said Hartman, and receive the promissory note of the said Hartman

Dale *v.* Gear.

therefor described in the plaintiff's declaration, and would indorse the same to him, the said plaintiff, without recourse, and for collection only, to enable him to collect said note when due, that he, the said plaintiff, would purchase said note at a discount at the rate of twenty per cent. per annum. And the defendant says that, relying upon said agreement of the said plaintiff, he did thereupon, as agent for the said Hollingsworth & Co., sell said machine to said Hartman, and receive therefor the said promissory note in the plaintiff's declaration described, and on the same day sold said note to said plaintiff, in pursuance of said agreement, and in further pursuance of said agreement was about to indorse the same "without recourse," when the said plaintiff requested the said defendant to omit said words "without recourse" from his said indorsement, representing that the prefixing of said words by the said defendant to his said indorsement would prevent him, the said plaintiff, from procuring the said note to be discounted upon as favorable terms as if those words were omitted; and that it was immaterial to the said defendant whether they were omitted or inserted, as he, the said plaintiff, knew that the said Hartman, the maker of the note, was responsible, and would pay the note when due; and that if the said maker did not pay it, he, the said plaintiff, would stand between the said defendant and all loss by reason of such omission; and that he, the said defendant, should never, under any circumstances, hear from said note again. And the defendant avers that in compliance with such request of the said plaintiff, and upon the faith of his, the said plaintiff's, representations and assurances aforesaid, and for the purpose aforesaid of enabling the said plaintiff to collect said note, and for such purpose only, he indorsed said note, which is the same note and the same indorsement set forth in the plaintiff's declaration. All which he is ready to verify. Wherefore he prays judgment, &c.

The second plea, after stating the sale of the machine to Hartman, and the instructions given to the defendant by Hollingsworth & Co. as their agent, &c., as in the first plea, concluded as follows:

And the said plaintiff, well knowing the premises and all the facts aforesaid, for the purpose of defrauding the said defendant, and of inducing him to part with the possession of said note described in the plaintiff's declaration, without indorsing thereon the words "without recourse," and for the further fraudulent purpose of inducing the said defendant to allow him, the said plaintiff, a greater rate of discount on said note, by pretending that he would receive said note without recourse to the said defendant, but fraudulently intending to hold the said defendant liable as indorser upon said note, if he could, by his false and fraudulent representations, induce the said defendant to indorse the same in such manner as to enable the said plaintiff to assert such apparent liability, agreed with the said defendant, by parol, that if he, the said defendant, would sell said promissory note of said Hartman to him, the said plaintiff, and would indorse the same to him, the said plaintiff, without recourse, and for collection only, to enable him to collect said note when due, that he, the said plaintiff, would purchase said note at a discount at the rate of twenty per cent. per annum; and the defendant says that, relying upon said agreement of the said plaintiff, he did thereupon, as agent for said Hollingsworth & Co., sell said promissory note to the said plaintiff in pursuance of the aforesaid agreement; and in further pursuance of said agreement was about to indorse the same "without recourse," when the said plaintiff requested the said defendant to omit said words "without recourse" from his said indorsement, representing that the prefixing of said words by the said defendant to his said indorsement would prevent him, the said plaintiff, from procuring the said note to be discounted upon as favorable terms as if those words were omitted, and that it was immaterial to the said defendant whether they were omitted or inserted, as he, the said plaintiff, knew that the said Hartman, the maker of the note, was responsible, and would pay the note when due, and that if the said maker did not pay it, he, the said plaintiff, would stand between the said defendant and all loss by reason of such omission, and that he, the said defendant, should never, under any circumstances, hear from said note again. And the defendant avers that, in compliance

with such request of the said plaintiff, and upon the faith of his, the said plaintiff's, representations and assurance aforesaid, and for the purpose aforesaid of enabling the said plaintiff to collect said note, and for such purpose only, he indorsed said note, which is the same note and the same indorsement set forth in the plaintiff's declaration. All which he is ready to verify. Wherefore he prays judgment, &c.

*L. H. Bristol*, for the plaintiff.

*J. S. Beach*, for the defendant.

BUTLER, C. J. This case comes up again on a demurrer to two additional pleas. We think the first of the new pleas sufficient, but the second insufficient.

The first sets forth an agreement between the parties, that if the defendant would sell a certain machine to a certain man and take his note for it, he, the plaintiff, would purchase the note at an agreed discount on the credit of the maker alone; that the sale was made and the note taken pursuant to the agreement, and that it became the duty of the plaintiff to take and pay for the note indorsed by the defendant, "without recourse." It further sets forth that the plaintiff requested the defendant to indorse it without restriction, to enable him to negotiate and collect it, and promised not to hold him on his indorsement. The antecedent agreement thus alleged created such an equitable relation between the parties in respect to the indorsement without restriction, that the defendant was in effect an accommodation indorser. The defendant therefore, by that plea, brings himself within the rule which permits such a promise to be proved in such an excepted class of cases, as recognized by us when the case was before us on a former occasion.

The Court of Common Pleas must therefore be advised that the first of the new pleas is sufficient, but the second insufficient.

In this opinion the other judges concurred.