JOHN SCHINDLER vs. JOSEPH B. MUHLHEISER.

The defendant had given the plaintiff his note for certain real estate conveyed to him by an absolute deed by the plaintiff. Held, in a suit on the note, that parol evidence was admissible, on the part of the defendant, to show that the conveyance was not intended as a sale, but was made by the plaintiff for a certain purpose of his own, and upon an understanding with the defendant that the land was afterwards to be conveyed back, and that the note was given at the time under an agreement that it was not to be paid.

ASSUMPSIT on a note executed by the defendant to the plaintiff; brought to the Superior Court in New Haven County. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

J. W. Alling and L. N. Blydenburgh, for the plaintiff.

T. E. Doolittle and H. Stoddard, for the defendant.

CARPENTER, J. Prior to December 21st, 1874, the plaintiff and one Gilch were the owners, as tenants in common, of certain real estate, subject to a mortgage. The plaintiff not being able to make a satisfactory arrangement with Gilch, agreed by parol with the defendant that his interest in the land should be deeded to the defendant, that the defendant should execute and deliver to the plaintiff his note for one thousand dollars, that thereupon the defendant should negotiate with Gilch as owner, and that afterwards the land should be re-conveyed to the plaintiff, and that the plaintiff should deliver up to the defendant his note. It is further found that

there was no other consideration for the note, and that it was not intended by either party that the note should be paid.

Three things are noticeable from this statement:—1st. The note was given pursuant to, and in fulfilment of, an antecedent agreement between the parties. 2d. That agreement shows that it was not given as evidence of any existing indebtedness, but as a means of accomplishing an ulterior object, wholly in the interest and for the benefit of the plaintiff. 3d. Consequently the note was an accommodation note, the collection of which would operate as a fraud upon the defendant.

The plaintiff invokes the aid of the familiar rule of law that parol evidence is not admissible to contradict or vary a written instrument. That rule has no application to a case like this. It has for its object the prevention of fraud and perjury in those cases where parties have put their contract in writing, by excluding any other evidence of the terms of the contract than the writing itself. But that is not this case. The contract was not reduced to writing. It was a parol agreement, and provided for the use of the note in suit, and also of the deed, for a special purpose; that is, that both instruments should be used in aid of the negotiations with Gilch. So far the contract has been performed; but this is not all of it. A further provision in it was that the defendant should re-convey the land to the plaintiff and the plaintiff should give up to the defendant his note. This part the plaintiff refuses to perform. He insists that the defendant, contrary to the intention and understanding of both parties, shall retain the land and pay the note. That makes the transaction simply a sale of real estate when there was no sale in fact. It compels the defendant against his will to become the purchaser of this land. Instead of preventing fraud, such an application of the rule would perpetrate a fraud of the grossest character, and bring reproach upon the law and the administration of justice. It would be unfortunate indeed if such a salutary rule of law could be perverted so as to apply to a case like this. This court has repeatedly decided in similar cases that it cannot be done. *Brush* v. *Scribner,*

11 Conn., 388; *Case* v. *Spaulding,* 24 Conn., 578; *Daggett* v. *Whiting,* 35 Conn., 366; *Downer* v. *Chesebrough,* 36 Conn., 39; *Dale* v. *Gear,* 39 Conn., 89.

We advise the Superior Court that parol evidence was admissible to prove the real contract between the parties, and that judgment should be rendered for the defendant.

In this opinion the other judges concurred.