DICKEN v. MORGAN ET AL.

1. **Contract**: PROMISSORY NOTE: EVIDENCE. The breach of a verbal contract which constituted the consideration of a promissory note, executed at the same time, may be shown in defense to an action on the note, as a failure of consideration, and evidence of such breach is not open to the objection that it varies the terms of the contract embodied in the note.

*Appeal from Ringgold District Court.*

FRIDAY, OCTOBER 22.

ACTION to foreclose a mortgage. A demurrer to the answer was sustained, and defendants elected to stand upon their

pleadings. A decree was entered granting the relief prayed for in the petition. Defendants appeal.

*Askren Bros.* and *R. H. Spense*, for appellants.

*Laughlin & Campbell*, for appellee.

Beck, J.—I. ' The mortgage was executed to secure five promissory notes. The petition alleges that one of the notes, calling for $200, remains due and unpaid, and asks that a judgment and decree of foreclosure be rendered thereon. It is also averred that the note was given for the purchase-money of the lands described in the mortgage. '

1. CONTRACT: promissory note : evidence.

The second count of defendants' answer denies that the entire consideration of the note was the purchase-money of the lands, and avers that at the time the note and mortgage were executed the parties entered into an agreement that defendants were to pay $1,000 for the land, and a further sum of $100 in consideration that plaintiff should procure a highway to be established upon the land, which had been viewed by commissioners properly appointed upon defendant's petition. This plaintiff agreed to do, and his agreement constituted the consideration of the notes to.the extent of $100. It is alleged that the notes have been paid, except the sum of $100 upon the note described in the plaintiff's petition.

The demurrer to the petition is on the ground that it sets up a verbal agreement, by which defendants seek to add to or change the terms of the contract contained in the note and mortgage. It was erroneously sustained.

The answer shows that the agreement of plaintiff recited therein was a part of the consideration of the note. A failure of the plaintiff to perform his contract was a failure of the consideration, *pro tanto.* It is not denied, and cannot be, that a partial failure of the consideration may be pleaded as a defense to the action to the extent thereof.

The agreement alleged in the answer did not add to or change the terms of the contract contained in the note, which was to pay the sum expressed therein.    That contract is that defendants will pay plaintiff the sum of money named in the notes, at the time therein fixed, with interest.    The contract pleaded by defendants is a distinct and independent contract, which was a partial consideration for the note.    It in no sense changes or adds to the terms of the note, and was not intended so to do.    Contracts of this kind, where one is the consideration of another, are common business transactions.    It has never been thought by those who make them that the contract which is the consideration adds to or changes the other. Surely the courts have never so held.    *Trayer v. Reeder,* 45 Iowa, 272;  *Puttman v. Haltey,* 24 Id., 425.

*Atherton v. Dearmond,* 33 Iowa, 353, and *Gelpcke, Winslow & Co. v. Blake,* 15 Id., 387, cited by plaintiff's counsel, are not inconsistent with the foregoing views.   In the first case it was held that a parol contract, which prescribed the conditions and amount of payment to be made, differing from the terms of a note, could not be shown as a defense to an action upon the note.    The other case simply applies to appropriate facts the familiar rule that a written instrument connot be changed or waived by a parol agreement between the parties.    The judgment of the District Court is

REVERSED.