(March 6, 1890.)

## DULANEY v. BURKE.

[23 Pac. 915.]

PROMISSORY NOTE—AGREEMENT TO CANCEL—PAROL EVIDENCE.—D. purchased mining property, deeded one-sixth interest to B. B. executed and delivered to D. his note due one year after date for $4,308.80, his share of the purchase price. At the same time D. orally agreed that at any time before maturity of the note he would accept from B. a reconveyance of his interest and cancel the note. In a suit for the collection of the note B. set up the oral agreement as a defense; held, that as such oral agreement tended to establish a contract different in form, purpose and effect from the written contract, and not based on want of consideration, fraud or mistake, the said oral agreement was inadmissible as evidence to vary the terms of the note or defeat it.

APPEAL from District Court, Shoshone County.

Woods & Heyburn, for Appellant.

The conveyance of the mining property to the defendant was not intended as a sale, but was made by the plaintiff for a certain purpose of his own, and upon an understanding with the defendant that the land was afterward to be conveyed back in the event of certain contingencies, and that the note was given at the time under an agreement that it was not to be paid. This fact was sought to be proven by the defendant, and the court below refused to admit the evidence. The answer raises this defense squarely, and in law it was a good defense, and the refusal to receive the evidence was error. (*Schindler v. Muhlheiser,* 45 Conn. 153; *McFarland v. Sikes,* 54 Conn. 250, 1 Am. St. Rep. 111, 7 Atl. 408; *Benton v. Martin,* 52 N. Y. 570; *Kennedy v. Goodman,* 14 Neb. 585, 16 N. W. 834; *Maltz v. Fletcher,* 52 Mich. 484, 18 N. W. 228; *Colman v. Post,* 10 Mich. 422, 82 Am. Dec. 49; *Catlin v. Birchard,* 13 Mich. 110; *Bowker v. Johnson,* 17 Mich. 46; *Clarke v. Tappin,* 32 Conn. 66; *Dicken v. Morgan,* 54 Iowa, 684, 7 N. W. 145.)

Albert Hagan and Frank Ganahl, for Respondent.

In an action upon a note which is absolute upon its face, no evidence can be produced by parol that it should only be paid on a certain contingency. (*Swank v. Nichols,* 24 Ind. 199; *Schurmeier v. Johnson,* 10 Minn. 319 (Gill. 250); *Foy v. Blackstone,* 31 Ill. 538, 83 Am. Dec. 246; *Myers v. Sunderland,* 4 G. Greene, 567; *Cunningham v. Wardwell,* 12 Me. 466; *Boody v. McKenney,* 23 Me. 517.) A verbal contract made at the time a promissory note is executed, varying the terms of the note, cannot be set up to defeat a suit on the note. (*Calhoun v. Davis,* 2 Ind. 532; *Foy v. Blackstone,* 31 Ill. 538, 83 Am. Dec. 246; *Burge v. Dishman,* 5 Blackf. 272; *Mahan v. Sherman,* 7 Blackf. 378; *Columbia v. Amos,* 5 Ind. 184; *Tucker v. Talbott,* 15 Ind. 115; *Nill v. Comparet,* 15 Ind. 243; *Williams v. Beazley,* 3 J. J. Marsh. 577; *Cole v. Hundley,* 8 Smedes & M. 473; *Barton v. Wilkins,* 1 Mo. 74; *Anspach v. Bast,* 52 Pa. St. 356; *Daniel v. Ray,* 1 Hill (S. C.), 32.)

SWEET, J.—On August 10, 1883, at Salt Lake City, Utah, John M. Burke executed and delivered a certain promissory note in the sum of $4,308.80, with interest at the rate of six per cent per annum until paid, due one year after date, and payable to H. Grafton Dulancy, or order. Before the maturity of said note defendant, Burke, became a resident of Idaho territory, and on the seventh day of October, 1887, plaintiff commenced an action in the district court of Idaho territory, first judicial district, in and for Shoshone county, for the collection of said note. Defendant sets up as a defense in said action an oral agreement, made at the time of, or prior to the execution of, said note, the substance of which is as follows: "That plaintiff was about to consummate the purchase of two mining claims, and desired the defendant to become the superintendent or manager thereof. To this proposition defendant replied that he did not care to enter into such an arrangement, unless there was something in it for him. Plaintiff thereupon offered to purchase the property, giving to defendant a one-half interest therein, the defendant to execute to plaintiff his promissory note for one-half the purchase price of said property, at the same time giving to defendant an opportunity to examine and test said mining property; and further agreeing that if, after such examination, defendant did not desire to pay the note, and retain his interest in the property, he might surrender said interest to plaintiff, and that, upon surrendering this interest, plaintiff would cancel defendant's note given therefor. That, in accordance with this agreement, plaintiff purchased the property, taking a deed therefor in the names of plaintiff and defendant. That afterward defendant did examine and test the mines thus purchased, and concluded that he did not care to retain his interest in the same, and notified plaintiff that he was ready to execute a deed in favor of plaintiff to his interest in said mines whenever plaintiff would cancel said note. Wherefore, he prays judgment against plaintiff for the cancellation of said note, and for his costs," etc.

At the trial defendant offered to prove said agreement, at the same time tendering a deed to the property, and plaintiff objected to the introduction of evidence to such effect, on the

ground that it was an attempt to vary the terms of a written contract by parol evidence. The offer thus made was tendered in various forms, and always met by the same objection; and this objection, for the reason above set forth, was sustained by the court. The case was tried without a jury, and the court gave judgment for plaintiff in the sum of $5,692.80. Defendant excepted to the ruling of the court in excluding the evidence by which it was proposed to prove the agreement before mentioned; and the ruling thus made is the error assigned upon which defendant and appellant relies to reverse the order of the court below, overruling defendant's motion for a new trial. Defendant cites *Schindler v. Muhlheiser,* 45 Conn. 153, as an authority in support of his interpretation of the law. Several other authorities are cited by appellant, more or less in line with the case just referred to; but unquestionably *Schindler v. Muhlheiser* is the strongest case presented by the appellant as tending to support his claim in the issue at bar. After stating the facts in this case, the court reaches three separate and distinct conclusions. They are as follows: "1. The note was given pursuant to, and in fulfillment of, an antecedent agreement between the parties; 2. That agreement shows that it was not given as evidence of any existing indebtedness, but as a means of accomplishing an ulterior object wholly in the interest and for the benefit of plaintiff; 3. Consequently the note was an accommodation note, the collection of which would operate as a fraud upon the defendant." We need not quote authorities to establish the principle that fraud vitiates any contract. The quotation of authorities upon this proposition is wholly unnecessary; and we repeat what has already been decided over and over by every court that ever considered the question, and what has been declared to be the law by every text-writer discussing it, that any contract may be assailed upon the charge of fraud, mistake, or failure of consideration.

We will now consider whether the case at bar comes within any of these rules, or whether it comes within the rule laid down in the case first cited. Defendant offered to prove that the agreement was made prior to the execution of the note. To this extent it bears some resemblance to the first conclusion reached

by the court in *Schindler v. Muhlheiser*. But, after all, no contract can be executed before it is discussed in all of its forms and phases, and thoroughly understood and agreed on between the parties; and the execution of a written agreement, or contract, in accordance with such a discussion, would not be a fulfilling of an antecedent agreement. It is simply placing the agreement in writing, and thereafter the contents of the written agreement are to bear witness as to the intent of the parties. Beyond this first conclusion, however, the facts ascertained by the court in the case cited do not apply to the matter at bar. It was there found that the note was executed "wholly in the interest and for the benefit of the plaintiff." The note having been executed for the benefit of the plaintiff, it was further found to be an accommodation note, and that its collection would operate as a fraud upon the defendant. There is nothing in this case to indicate such a condition of affairs. Defendant desired "a show to make something for himself." By what course of reasoning are we to conclude that it was to the benefit of plaintiff to pay defendant's half of the purchase price of the property, and accept defendant's note therefor? How did that become an accommodation to the plaintiff? How could plaintiff perpetrate a fraud upon the defendant by advancing the latter's half of the purchase price of this property, and carrying it for him during the time specified in the note? If we were to speculate outside the written conditions of the agreement, we might say that there was more danger of plaintiff giving defendant an opportunity to watch the development of the mine for a year, and then, if the progress of the work was such as to discourage its owners, permit him to repudiate the contract, then there would be danger of fraud upon the defendant by generously advancing the money to carry his portion of the purchase price.

Now, let us consider the conditions under which parol evidence may be admitted to vary the terms of a promissory note. In *Schurmeier v. Johnson,* 10 Minn. 319 (Gill. 252), the court, in discussing this question, says: "It is a rule well settled that, in the absence of fraud or mistake, parol evidence is inadmissible at law or in equity to vary a written contract. Such a contract

cannot be varied, explained away, or rendered ineffectual by
parol proof of any conversation or stipulation prior to or con-
temporaneous with its execution.   It is conclusively presumed
to set forth the whole agreement of the parties, and the extent
and manner of their agreement." Does defendant allege fraud
as a reason why the plain terms and conditions of this note
should not be executed? Does he aver a failure of consideration?
Does he allege a mistake?  These are the only grounds upon
which the plain and specific utterances of a written agreement
may be assailed and set aside.  Not one of them comes within
the proof tendered by defendant at the trial.  He admits the
execution, admits the consideration, admits the execution of the
deed in his own name, admits that the note calls for the sum
agreed to be paid for the property.   Clearly, then, he is not
within the rule which authorizes a court to set aside the provi-
sions of a written contract upon the ground of fraud, mistake
or failure of consideration.   What, then, does he plead?  He
sets up, in effect, that the agreement is not all in writing, and
asks permission to add to the contract signed by him on August
10, 1883, by inserting a condition concerning which the con-
tract is absolutely silent.  It is vain to say that these offers do
not tend to vary the terms of the written agreement.   An agree-
ment for an option to purchase this half interest would have
been as different in substance and in effect from the agreement
actually before us as it is possible to make one contract different
from another.  Contracts cannot be added to or taken from in
this manner.  In *Brown v. Spofford,* 95 U. S. 480, this ques-
tion is directly passed upon by the court.   We quote from the
decision: "Negotiable notes are written instruments, and as
such they cannot be contradicted, nor can their terms be varied
by parol evidence.  And that proposition is universally true
where a promissory note is in the hands of an innocent holder.
Where a bill of exchange was drawn in the usual form, and was
protested for nonpayment, the court held twenty years ago that
parol evidence of an understanding between the drawer and the
party in whose favor the bill was drawn was inadmissible to vary
the terms of the instrument."  The court then states the issue
involved in *Brown v. Wiley,* 20 How. 442, and approves the
same.   Further on, in the same case (page 481) the court say:

"Attempt was made in a leading case to prove that the payee agreed with the indorser that if he would indorse the note he should incur no responsibility, as the payment was secured by collaterals, and when offered in the circuit court the evidence was admitted; but the court, when the case was brought here on a writ of error, reversed the judgment, holding that the evidence should have been excluded": Citing *Banks v. Dunn,* 6 Pet. 51. Continuing, and on the same page: "Decided cases of the most authoritative character have determined that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making or indorsement of a bill or note, cannot be admitted to vary, qualify, contradict, add to, or subtract from, the absolute terms of a written contract." (*Specht v. Howard,* 16 Wall. 564.) In the same case the court indorses the quotation already made from 10 Minn., in the following language: "In the absence of fraud, accident, or mistake, the rule is the same in equity as at law, that parol evidence of an oral agreement alleged to have been made at the time of the drawing, making, or indorsing a bill or note cannot be permitted to vary, qualify, contradict, add to, or subtract from, the absolute terms of a written contract": Citing *Forsyth v. Kimball,* 91 U. S. 291.

Defendant contends that the payment of this note was dependent upon a condition, or that its delivery was dependent upon a condition, it matters not which. There is nothing conditional about the written agreement. It states clearly and specifically what the maker of the note promises to do. There is no condition about it; and if there was an agreement entered into at the time that defendant might do something else at his option, it would be a plain contradiction of the terms of the instrument itself. Quoting further from *Brown v. Spofford,* 95 U. S. 482, we find a declaration directly upon this point: "Parol evidence of an agreement made contemporaneously with a promissory note, which contains an absolute promise to pay at a specified time, is not admissible in order to extend the time for payment, or to provide for the payment out of any particular fund, or in any other way than that specified in the instrument, or to make the payment depend upon condition." Authorities in support of this principle might be continued indefinitely. Those cited have been referred to, not so

much to establish the principle, because it is conceded by both parties in the matter at bar, as to show, from the similarity of questions involved in the cases referred to, the erroneous position taken by defendant. Therefore, as the evidence rejected by the court below tended to establish an oral agreement different in form, different in purpose, and different in effect from the written contract in issue, and as the effort to change those conditions is not based upon either a failure of consideration, fraud, or mistake, we hold that the court below did not err in refusing to admit the testimony, and that the judgment must be affirmed.

Beatty, C. J., concurs.

BERRY, J., Dissenting.—This is an action upon a promissory note, made by the defendant to this plaintiff at Salt Lake City, Utah, August 10, 1883, payable one year after date. The action is between the original parties to the note. The complaint is in the usual form. The amended answer sets up that "the note mentioned and set forth in the complaint was given for the consideration and under the conditions following, to wit: On the tenth day of August, 1883, the plaintiff had negotiated the purchase of the two mining properties at, etc., territory of Utah, being the undivided half of the properties known as the 'Live Yankee' lode claim, and the 'Mary Ellen' lode claim, of M. Cullen and Dennis Ryan, and orally agreed with this defendant that he would purchase the said properties, and give this defendant the option of becoming the owner of the undivided one-sixth of each of said claims, for the same price which plaintiff paid for said interests, to be paid by the defendant to the plaintiff one year after date, in the event the defendant should desire to become the owner and purchaser of said interests. The defendant thereupon agreed to accept such option of purchase, and the plaintiff thereupon bought the said property." That in the consummation of the purchase of said properties, at the instance solely of plaintiff, the conveyance therefor was taken in the joint names of plaintiff and defendant, and plaintiff requested defendant to give his note for his share of the purchase price, the same being the sum of $4,308.80, as set forth in the note declared to be payable one

year after date, and then and there agreed with defendant that defendant could explore, work, and develop said mining claim; and if at any time before the maturity of said note defendant desired to do so, he could relinquish said option of purchase, and the plaintiff would cancel said note, and accept a reconveyance of the interests so deeded to defendant in said mining claims in full discharge of said note, and cancellation thereof, and defendant accepted the conveyance of said claims, and executed said note upon the agreement aforesaid, and the consideration of said note was none other or different. That the defendant pursuant to said agreement, entered upon and explored the property, and within the year notified the plaintiff that he was dissatisfied with, and declined to take, the property, relinquished his said option, and in March, 1884, notified the plaintiff of these facts, "and proffered his readiness and willingness to convey the interest so appearing in his name upon demand, at his own expense, and thereupon vacated the property to the plaintiff, who entered upon and worked the same." The defendant avers readiness to convey the interest to the plaintiff, and tenders a deed thereof.

Upon these issues the case was brought to trial before the court, without a jury, December 18, 1888, and judgment was rendered for the plaintiff in the sum of $5,692.80. Statement of a case for new trial was duly made, the motion was denied, and defendant appeals from both the judgment and order denying a new trial.

The assignments of error are, in substance: 1. The findings of fact made by the court are contrary to the evidence; 2. Errors of law arising on the trial, duly excepted to.

It is only necessary to consider this second ground of error, for, if this charge is sustained, the former follows of course. As stated above, this case is between the original parties to the transaction, stripped of all questions of the right of innocent holders of commercial paper. The agreement on which the defendant relies, aside from the note itself, is alleged in the answer to have been entirely by parol. This alleged parol contract is that, prior to the making of the note, the plaintiff was negotiating for certain mining property, and that the plaintiff agreed to purchase the property, and give to the de-

fendant a year's option of becoming the owner of an undivided part of the same, at the same price the plaintiff was to pay for it; the defendant to have one year to explore and work the property, to determine whether he would become such owner; that in consummating the purchase the plaintiff, of his own motion solely, took the title in the name of both of these parties; that the defendant, with knowledge that the property had been so deeded, at the request of the plaintiff, gave the note in suit, but that, as a part of the transaction, it was further agreed that if at any time within the year the defendant chose to relinquish his option of purchase, the plaintiff would cancel the note, and accept a conveyance of the interest of the property so deeded to defendant, in full discharge of said note and cancellation thereof. The defendant accepted the conveyance, and made the note upon such agreement only.

The allegations of the answer must be taken together, and, if shown as stated, the plaintiff never became the owner of this note, and entitled to enforce the same against the defendant. The full consideration of it never passed to the defendant. He had not purchased the property, and some months before the expiration of the time which he had to explore and work the mine, and make up his mind whether he would take it, he determined not to take it; so notified the plaintiff, left the mine, and the plaintiff enjoyed possession of it. The contract of purchase was never consummated. As to that, the minds of the parties never met. This case results from the peculiar mode adopted by the plaintiff in giving an option upon this property. From the evidence it seems that the plaintiff had his own way in the peculiar manner in which the option was given. Instead of taking the title in his own name, the plaintiff, in taking it, of his own choice, took it to each of the parties jointly. It appears in the evidence that the motive of the plaintiff in desiring to associate the defendant with him in the mine was to have his services in its management and working. Even if he insisted on the note as security that the defendant, if he refused to buy, would reconvey the title, of which there is no pretense, that makes the plaintiff's position no better. The note would be only as security on the defendant's refusal to reconvey. It was still but the sale of an option. The note

was not given for the land; the maker had not then agreed to take the land. But it was given for another, and a merely temporary, purpose. The simple and only question is, May the fact be shown that the note was only an incident to an incomplete contract by parol?

It is contended by the plaintiff that to allow such showing would be a violation of the rule that parol proof cannot be given to contradict or vary the terms of a written agreement. There is some conflict in the authorities as to what shall be deemed to change the terms of an instrument; but the plain words of the rule itself are as near an expression of its meaning as we can hope to have. Chancellor Kent (2 Kent's Commentaries, 556) says that "it is an inflexible rule that parol evidence is not admissible to supply or contradict, enlarge or vary, the words of a contract in writing. That would be the substitution of parol for written evidence, under the hand of the party; and it would lead to uncertainty, error and fraud. Parol evidence is received when it goes, not to contradict the terms of the writing, but to defeat the whole contract, as being fraudulent or illegal, for it then shows that the instrument never had any valid operation; and this rule is supported on grounds of policy and necessity." The contention is, in the case at bar, that the writing purporting to be a contract was in fact not a contract at all; that it was not made as a contract, but only as an incidental part of a transaction, mostly by parol, which might or might not become a contract; that, as it stood, it was without consideration; that the conditions on which it might become a contract never occurred. The defendant disavows any intention in any manner to vary the terms or words of this instrument. Many cases are cited, but none of them make the rule any plainer than it is as here stated. Few, if any, of these cases go the extent of denying that the consideration of a note in the hands of the original payee can be inquired into. In the hands of *bona fide* holders without notice, the case may be different; but that depends on other considerations. In *Kennedy v. Goodman,* 14 Neb. 588, 16 N. W. 834, the court say: "The law is now well settled that in an action against a party to a negotiable instrument, by his immediate promise, a want or failure of consideration is a good defense.

It is unnecessary to cite authorities on this point, because there seems to be no conflict." We are especially cited to decisions of the supreme court of the United States, because of their controlling authority over this court; but on examination all of those cases presuppose a valid contract foundation for the instruments there in question. In *Brown v. Wiley,* 20 How. 444, the action was upon a bill of exchange, payable one year after its date; but by the laws of the state where it was made, and where it was sought to be enforced, it became due at once on its acceptance being refused. It was regularly presented, according to law, and, being dishonored, suit was at once begun. Defendants set up a different agreement as to the time of presentment than that prescribed by law, and deducible from the terms of the bill; and the court held that such parol agreement was inconsistent with those terms. In its decision the court say in reaching its conclusion: "It is admitted the bill was given for full value," and the question is presented, "whether parol evidence should have been received to vary, alter or contradict that which appears on the face of the bill of exchange." The contract was perfect, the obligation to pay at some time conceded, and its own terms, construed by the law, fixed the time. This holding is consistent with the argument of this defendant, or at least it does not preclude his claim. To like effect, *Banks v. Dunn,* 6 Pet. 56; also *Specht v. Howard,* 16 Wall. 564. So in *Brown v. Spofford,* 95 U. S. 474. So in *Isaacs v. Elkins,* 11 Vt. 679. The latter case was upon a note regular upon its face for money, but in defense to which the defendant offered to prove that it was in reality given as a chattel note, and not for money; and the court very properly held the evidence inadmissible. The reason is obvious, and the rule in that and in all similar cases must be conceded. Numerous authorities are cited from state courts, some of which would entirely exclude the defense in this case; but we do not find that the United States supreme court intended to go beyond the cases cited from it.

On the other hand, in many of the leading states of the Union, a doctrine admitting this defense is the settled law. The question involved is not one to be affected by mere numbers of adherents to either view. That side that has the more

cogent reasons, which is most in harmony with natural right and justice, must ultimately prevail. Temporary or local considerations, founded on the nature of business transactions, in any particular time and place, cannot affect it. It is said that to admit this defense will open the door to false swearing and fraud. That may be a ground for legislative action, but we cannot indulge the presumption that to prevent perjury the laws must be so construed as to deny men the opportunity to commit it. If men will avail themselves of an opportunity to perjure themselves, opened by a rule of law for the necessary purpose of protecting the unwary and unsuspecting from impositions and frauds, the criminal laws will correct them. The civil law is not made to favor any class of contract breakers, but it is made to shield the honest, the unwary, and the oppressed in their enjoyment of right and justice. The case of *Schindler v. Muhlheiser*, 45 Conn. 153, was in many respects like the case at bar and nearly identical in principle. The note on which that action was brought was claimed by the defendant to be made for the accommodation of the plaintiff, and hence that it was not a debt of defendant to plaintiff. In the decision of that case the court say: "The note was given pursuant to, and in fulfillment of, an antecedent agreement between the parties. . . . . The plaintiff invokes the familiar rule of law that parol evidence is not admissible to contradict or vary a written instrument. . . . . It has for its object the prevention of fraud and perjury, in those cases where the parties have put their contracts in writing, by excluding any other evidence of the terms of the contract than the writing itself. But that is not this case. The contract was not reduced to writing. It was a parol agreement, and provided for the use of the note in suit, and also of the deed [to the defendant] for a special purpose. . . . . So far the contract has been performed. But this is not all of it. A further provision in it was that the defendant should reconvey the lands to the plaintiff, and the plaintiff should give up to the defendant his note. This part the plaintiff refuses to perform. He insists that the defendant, contrary to the intention and understanding of both parties, shall retain the land and pay the note. That makes the transaction simply a sale of real estate, when there

was no sale in fact. It compels the defendant against his will to become the purchaser of this land. Instead of preventing fraud, such an application of the rule would perpetrate a fraud of the grossest character, and bring reproach upon the law, and the administration of justice"; citing *Brush v. Scribner,* 11 Conn. 388, 29 Am. Dec. 303; *Case v. Spaulding,* 24 Conn. 578; *Daggett v. Whiting,* 35 Conn. 366; *Downer v. Chesebrough,* 36 Conn. 39, 4 Am. Rep. 29; *Dale v. Gear,* 39 Conn. 89.

With slight change in verbiage, the words of the court in *Schindler v. Muhlheiser* would apply as well to the case at bar. So in *Maltz v. Fletcher,* 52 Mich. 484, 18 N. W. 228, Chief Justice Cooley says: "It is always competent to show that a contract sued upon is without consideration; and no rule or policy of the law is violated by allowing proof to be made of the purpose for which negotiable paper was given; or that the purpose does not require that payment should be enforced." This case is parallel with one phase of the present case. Maltz sued Fletcher on promissory note, and Fletcher pleaded that it was understood when the notes were given that they were only to be paid if the logs for which they were given should be adjudged, in a certain action then proceeding to test the title to the logs, not to belong to Fletcher. So, in *Dicken v. Morgan,* 54 Iowa, 684, 7 N. W. 145, which was on a promissory note and mortgage the answer alleged that a part of the consideration of the note was an agreement by parol that the plaintiff should procure a highway to be constructed, etc., which he had failed to do. This was demurred to, on the ground that it sets up a verbal agreement, by which defendant attempts to add to or change the terms of the note and mortgage. The court say: "The agreement alleged in the answer did not add to or change the terms of the contract contained in the note, which was to pay the sum expressed therein. That contract is that defendants will pay plaintiff the sum of money named in the notes at the time fixed, with interest. The contract pleaded by the defendants is a distinct and independent contract, which was a partial consideration for the note. It in no sense changes, or adds to the terms of the note, and was not intended so to do. Contracts of this kind, where one is the consideration of another, are common business transactions. It has never been thought by those who made them that the contract,

which is the consideration, adds to or changes the other; surely the courts never so held." (Citing *Trayer v. Reeder,* 45 Iowa, 272; *Putman v. Haltey,* 24 Iowa, 425.) Such a plea goes to the consideration of the note, and behind the cases cited by the plaintiff. So, also, in *Benton v. Martin,* 52 N. Y. 570, which was an action on a duplicate draft by defendant to plaintiff, Judge Folger, in delivering the opinion, says: "Clearly, it was competent to show the terms upon which the duplicate was delivered, and for the defendant to restrict and limit his liability thereby, and to protect himself by them against any liability; . . . . and the annexing of such conditions to the delivery is not an oral contradiction of the written obligations, though negotiable, as between the parties to it, or others having notice." In speaking of this rule excluding oral evidence to vary the terms of a written agreement, Chancellor Kent further says: "It is to be observed that the rule is directed only against the admission of any other evidence of the language employed by the parties in making the contract than that which is furnished in the writing itself." In the case at bar there is no question as to the language used in the note. The question is only as to the conditions on which it was put in the plaintiff's hands. That the consideration of negotiable promissory notes, the same being concurrent parol agreements, may be inquired into, in an action on the notes, by the promisor against the maker, the authorities are numerous, and sustain the view that any other rule, or any other application of the rule, excluding evidence to vary the language of the contract, would, in the words of the court in *Schindler v. Muhlheiser, supra,* perpetrate a fraud of the grossest character, and bring reproach upon the law and the administration of justice"; at least, such result would be likely to follow:

I conclude (1) that the agreement set up in the answer in this case, and sought to be proved by the defendant upon the trial, was proper to be shown; and (2) that parol evidence was competent to show the same; that such evidence was admissible under the pleadings; and that the several rulings of the court below in excluding the same were erroneous. (*Kennedy v. Goodman,* 14 Neb. 585, 16 N. W. 834; *Haynes v. Thom,* 28 N. H. 386.) This judgment should be reversed, and a new trial ordered.